CHASEZ, Judge.
This is a suit by Frank J. Ferrara, individually and as administrator of the estate of his minor son, Charles J. Ferrara, to recover damages for personal injuries, medical expenses, and property damage incurred on December 19, 1958, when Mrs. Jacqueline L. Fisher, one of the defendants herein, struck Charles J. Ferrara with her automobile as he was riding a bicycle in the street near his home. After a trial on the merits the lower court finding the law and the evidence to be in favor of defendants and against the plaintiff, rendered judgment in favor of defendants. From this judgment plaintiff has appealed.
The accident occurred on December 19, 1958, at approximately 4:00 p. m., on-Tudor Avenue near its junction with Pear Street in Little Farms, Jefferson Parish. Tudor Avenue is a paved, two lane road which carries two-way traffic between the Jefferson Highway to the south and Stephens Drive to the north. At the point of the accident the street is 23' 6" in width between slanting curbs, with no center marking except a crack in the pavement which divides the street approximately down the middle.
Plaintiff and his wife were in the practice of allowing their 7 year old son to ride his small two-wheeled bicycle in the roadway because there were no paved sidewalks on either side of the street. However, except for occasional trips to the grocery, they limited the distances he could ride to about 300 feet from his home. In this manner they had an unrestricted view of the boy at play.
On the day in question, Charles was riding his bicycle back and forth within the restricted area with three or four other children of approximately the same age. They were riding single file in a clockwise direction, going north on the left side of the street, crossing over, and coming south on the right side. Thus, at all times they were riding against oncoming traffic.
When Mrs. Fisher approached the children, she was proceeding south on Tudor in the right-hand lane. The children at this time were on the northbound leg of their route, so that they were headed toward her in the same lane. Plaintiff’s son was last in line.
The children were riding between one and two feet from the curb, and Mrs. Fisher was passing them on the left; she did not stop or sound her horn. The first *254 three cyclists cleared without incident, but as she attempted to drive past plaintiff’s son she struck his bicycle with her right front fender and headlight when he turned in her path. The child was thrown to the pavement and received facial and body lacerations, broken teeth, and a fracture of the left wing of the ilium.
Plaintiff bases his argument of reversal on Mrs. Fisher’s negligence, on the inability of a child of his son’s age to be guilty of contributory negligence, and on the last clear chance doctrine.
First, there is nothing in the record to indicate that Mrs. Fisher was guilty of negligence. On the contrary, the evidence conclusively shows that she was proceeding along Tudor Avenue in a properly cautious manner when young Ferrara lurched into her path without looking in the direction of oncoming traffic and without giving sufficient warning to allow her to apply her brakes.
The only three eyewitnesses to the accident were young Ferrara, Mrs. Fisher, and a disinterested party, Mrs. Virginia Clements. Mrs. Fisher testified that she was proceeding at a slow rate of speed, i. e., between IS and 20 miles per hour. She said that she had the children in her field of vision at all times, but that she kept her eyes focused on the road ahead of her as she approached them. When she was about to pass plaintiff’s son, he turned his bicycle into her path. She applied her brakes immediately and attempted to swerve to her left, but the boy was so close that she could not avoid striking him. In an effort to demonstrate how slow she was going, she pointed out that even though she stopped quite suddenly she did not throw her young children who were riding with her at the time out of their seats. Also indicative of her slow speed and fast stop is the fact that she did not run over either the boy or the bicycle even though both fell directly in the path of her automobile.
Mrs. Virginia Clements testified that she was proceeding on Tudor Avenue in the opposite direction from Mrs. Fisher, and that she stopped before she reached the spot where the boys were riding in order to give Mrs. Fisher ample room to pass them safely. She testified that she saw young Ferrara look to his right, away from the direction of oncoming traffic, and suddenly turn into the path of the Fisher automobile when it was only about eight feet away from him. She described the incident, as follows:
“Q. Describe what you saw?
“A. I saw the boy on the last bicycle — just as he was opposite or almost up to the car — all the boys had been facing the traffic; and as the bicycle and the car were almost opposite of one another, the last child turned his face completely in my direction so that I could see his full face, and at that same time he did that, they collided — it was just that quick.”
The only other eyewitness to the accident was the child, Charles J. Ferrara. Qualifying examination revealed that he was an intelligent young boy who believed in God and knew the consequences of telling a lie. He admitted that he moved from his position near the curb and was struck almost instantaneously. He also admitted that he did not see the automobile prior to the instant he was struck. He testified on cross-examination, as follows:
"Q. You were struck by a car and knocked down in the street?
“A. Yes, sir.
“Q. Did you ever see the car that hit you before it hit you?
"A. No, sir.
“Q. You were looking back is that fight?
“A. Yes, sir.
*255 “Q. And you had turned and looked in the other direction?
“A. Yes, sir.
“Q. When there was nothing coming from that direction, you started across the street, is that correct?
“A. Yes.
“Q. And that is when the other car hit you; is that right?
“A. Y es, sir.
“Q. But you had never seen this other car before it hit you ?
“A. Yes, sir.
“Q. By ‘Yes, sir’, do you mean you SAW it, or that you did NOT see it?
“A. I did not see it.”
From the above quoted testimony the conclusion is inescapable that Mrs. Fisher was not guilty of negligence. The evidence is quite clear that the Ferrara boy was proceeding against traffic while looking back over his shoulder in the opposite direction. Being oblivious to the Fisher' automobile, he turned into its path without warning. While Mrs. Fisher had the boy in her field of vision at all times, there was nothing in his prior behavior to put her on notice that he might do something reckless. Young Ferrara was simply too close and acted too fact for her to avoid striking him.
Plaintiff’s second argument is that his son, being eight years and ten months old at the time of the accident, was too young to be capable of contributory negligence under Louisiana law. While we may disagree with this conclusion of plaintiff, we prefer our decision to rest on the fact that Mrs. Fisher was not negligent.
Finally, plaintiff contends that defendant should be cast in judgment because Mrs. Fisher had the last clear chance to avoid the accident. In order to invoke the last clear chance doctrine, the court must find that the plaintiff was in a position of peril of which he was unaware, or from which he was unable to extricate himself; that the defendant actually discovered or was in a position where he should have discovered plaintiff’s peril and that at the time, the defendant could have avoided the accident with the exercise of reasonable diligence. See Newton v. Pacillo, La.App., 111 So.2d 895, 897.
From our prior discussion of the evidence adduced at the trial, it is evident that Mrs. Fisher did not have the last clear chance to avoid the accident. While plaintiff’s son was in her field of vision at all times, he was not in a position of danger when he was riding his bicycle on the side of the road with the other boys. It was not until he turned in front of the Fisher automobile that he was in a position of peril. However, at this point he was so close to the automobile that the exercise of reasonable care would have been, and in fact was, of no avail to Mrs. Fisher. As we explained above, the evidence shows that Mrs. Fisher was driving at a reasonable speed and immediately applied her brakes when the boy rode into her path. Under these circumstances the doctrine of last clear chance is not applicable. Wells v. Meshell, La. App., 115 So.2d 648.
For the foregoing reasons the judgment of the lower court is affirmed.
Affirmed.