CHASEZ, Judge.
Plaintiff, Arnold Lehmann, individually, and on behalf of his minor son, Thomas C. Lehmann, sues to recover damages resulting from an accident on January 16, 1961, when plaintiff’s child, riding a bicycle, was involved in a collision with an automobile driven by Mrs. Yvonne Ragas. Defendant, Marquette Casualty Company, was the liability insurer of the automobile driven by Mrs. Ragas.
Defendant answered and filed a third party petition against plaintiff and his wife seeking recovery over against them for any amount defendant might be condemned to pay plaintiff’s minor son. The theory of the third party demand was that the negligence of plaintiff and his wife caused or contributed to the accident.
From a judgment rejecting plaintiff’s demand, he brings this appeal.
The record shows that at about 4:00 p. m., on the day of the accident, Mrs. Ragas was driving toward Airline Highway on Julius Avenue. Plaintiff’s six year old son was crossing the street on his bicycle from Mrs. Ragas’ right but at an angle towards Air *247 line Highway, coming from a residence across the street from his home at a distance of approximately 100 feet from the point where the accident occurred. Mrs. Ragas testified at the trial that she first saw the child when he “appeared” right next to the right side of her automobile near the radio antenna; she grasped her steering wheel firmly and began turning slowly to her left and began to apply her brakes slowly, rather than applying them with full force, for fear that sudden braking might cause the car to swerve into the child. She testified that the child was also travelling slightly toward the left, following the path of her car; and as she slowed down the boy’s momentum carried him gradually just past the right front fender of her car when he suddenly turned sharply in front of her car. She then jammed her brakes on as firmly as she could, but her car’s outside right headlight struck the handle bar of the bicycle and knocked the boy to the street. The car stopped about one foot from the left curb of the street, and the boy and his bicycle were slightly to the right in front of the car.
The testimony of the two eye-witnesses, both called by plaintiff, very largely corroborates Mrs. Ragas’ testimony. Mrs. Rose Shannon, in front of whose home the accident occurred, was there on the sidewalk at the time. She first noticed the little boy in the street about six inches from the right side of the automobile by its door. She testifies “The automobile was going on the opposite side, trying to get away from the boy”; the boy slowly edged to the front ■of the car; “the handle bars hit the car and threw the boy to the street”.
Mr. Paul Schluter, Jr., another witness for plaintiff, was driving into his own ■driveway when he saw the accident occur about 200 to 300 feet away. He too testified that he saw the child going in front •of the car, and that the car was turning to the left. He did not see the child until a moment before the actual collision.
Mr. Schluter also testified that there was .a car parked on the' right side of the street approximately at the point where it appears to us, the child first “appeared” alongside Mrs. Ragas’ automobile. While other witnesses did not recall the presence of such a parked car and even indicated there was no such parked car, we believe that Mr. Schluter’s firm, positive testimony on this point is entitled to greater weight than the less firm and negative-testimony of the other witnesses. Our definite impression is that the child did suddenly “appear” as Mrs. Ragas testified, probably from behind the parked car, and that Mrs. Ragas did everything that could be reasonably expected of her under the circumstances.
It is true that the record contains testimony of Deputy Sheriff Carl F. Huber, the investigating officer, that Mrs. Ragas told him at the time that she first noticed the child riding along the street to her right 20 feet in front of her automobile. Plaintiff argues that the factual picture presented by this testimony brings the case within the principle expressed in Brown v. Wade, 145 So. 790, 792 (La.App.1933), as follows:
“When the operator of an automobile discovers the presence of small children on the roadside, ahead of him, it is his duty to travel at such a rate of speed, and bring his vehicle under such control, that an accident will be averted, regardless of the unexpected and unforeseen movement of any of the children. He has not the right to assume that a child, especially one of tender years, will exercise discretion needed to protect it from the dangers of rapid automobile traffic.”
Other cases to the same effect are also cited in support of this well established rule,
In our opinion, however, the preponderance of the evidence in this case establishes that plaintiff’s child was never in the street ahead of Mrs. Ragas’ car; the child did not enter the street until Mrs. Ragas’ car was abreast of him, at about which time he rode into the street at the right side of the car and Mrs. Ragas had her first opportunity to see him. But even if in fact the child *248 did first enter the street 20 feet ahead of her car, the child, in any event, did not make his appearance sufficiently far ahead of her to have enabled her to avert the accident, or indeed to do anything except what she did. Like the child cyclist in Ferrara v. Allstate Insurance Co., 152 So.2d 252 (La.App.1963), “* * * at this point he was so close to the automobile that the exercise of reasonable care would have been, and in fact was, of no avail * * In Seale v. Checker Cab Company, 137 So.2d 478 (La.App.1962), where it was clear that the child had first appeared 25 to 30 feet ahead of a cab moving 18 miles an hour, the driver was held, under those circumstances, unable to avoid the accident and therefore free of negligence.
The District Judge, who heard the testimony of all the witnesses, in his reasons for judgment, concluded there was no negligence on the part of Mrs. Ragas. On the record before us we certainly can find no error in that conclusion.
The judgment appealed from is correct and it is accordingly affirmed.
Affirmed.