REGAN, Judge.
The plaintiff, Reginald Gross, Sr., individually and on behalf of his minor son, Reginald Gross, Jr., seven years of age, instituted this suit against the defendants, the Zeringue Bros., a commercial copartnership composed of Milton P. and Octave F. Zer-ingue, in the amount of $32,000, endeavoring to recover on behalf of himself “medical and incidental expenses” amounting to $2,000 and for personal injuries incurred by his son the sum of $30,000, as the result of an accident involving plaintiff’s son, who was “running across the highway” when he was struck by a “late model Chevrolet Pick-Up Truck” owned by the partnership and operated by the defendant, Milton Zer-ingue, which is alleged to have occurred by virtue of the operator’s negligence on January 11, 1949, at about six o’clock p. m. “on the river road” in the village of Hahnville, Louisiana.
Defendants answered and admitted the occurrence of the accident, however, they denied that it was caused through any neg *295 ligence on the part of the operator of the truck, but was brought about by the negligence of the child in suddenly darting from ' the sidewalk into the highway without ever being cognizant of defendant’s truck which was lawfully operating therein.
From a judgment in favor of defendants dismissing plaintiff’s suit he has prosecuted this appeal.
In order to circumvent repetitious designation of parties plaintiff and defendant, we shall hereinafter apply the appellation plaintiff to the pedestrian, Reginald Gross, Jr., and defendant to Milton Zeringue, the operator of the truck.
The record reveals that defendant was operating his truck, at a speed of about fifteen miles per hour, in the right lane of the river road away from the village of Hahnville and in the general direction of lading or of the City of New Orleans. It was about six o’clock in the evening and although it was not dark the sun had begun to set. The front seat of the truck, in addition to the operator thereof, was occupied by Andrew Boudreaux and Nelson Foret. The rear of the truck contained five or six other passengers. When the truck was in the vicinity of Caillet’s Grocery Store, which is located on the opposite side of the highway from the Hahnville Courthouse, plaintiff ran from a sidewalk which parallels the highway, jumped over the ditch, which is adjacent thereto1, and darted onto' the highway into the path of defendant’s truck. As soon as the child appeared therein, defendant immediately applied his brakes, swerved his truck to the left, but unfortunately the right front fender of the truck struck the child resulting in very serious injuries.
All of the witnesses who appeared on behalf of plaintiff and defendants agreed that as soon as the child appeared and entered the highway, defendant immediately applied his brakes, swerved his truck to1 the left and exercised every reasonable precaution required by law or common prudence to avoid the accident. The only conflict in the testimony of the witnesses, who appeared on behalf of the plaintiff and defendant, concerns itself with the rate of speed that defendant’s truck was moving shortly before the accident.
Plaintiff in endeavoring to establish the speed of defendant’s truck, offered in evidence the testimony of Walter Hebert, S. F. Caillet and Elray Boudreaux. Hebert, who was not an eyewitness to the accident, testified that immediately thereafter he visited the scene and observed the defendant’s truck stopped at an angle in the highway, the front wheels resting on the left side of the road or on the edge of the highway, and the rear wheels resting in the center thereof. He stated he did not measure the skid marks but estimated they were approximately forty feet in length.
Caillet, a grocer, testified that while he was in his store patiently waiting for a child to malee up his mind relative to the purchase of some candy, he saw Reginald Gross, Jr., run across the highway, wherein he was injured by the defendant’s truck. He said the child did not stop to observe if a vehicle was approaching in the highway and admitted that the defendant immediately applied his brakes and turned his truck to the left in an effort to avoid the accident. He was of the opinion that defendant’s truck was traveling forty-two miles an hour, based on the length of the skid marks which, in his estimation, were approximately forty feet in length.
Elray Boudreaux, seventeen years of age, testified that he was riding a bicycle about seventy-five feet in the rear of the truck when the accident occurred; that he did not observe the truck until it actually struck the child, yet he testified the truck was travelling fifty miles per hour; that he did not own an automobile and had not driven a car more than five or six times during his lifetime; the skid marks started from the center of the highway and ran at an angle over to the left or riverside thereof and measured approximately fifty feet; that Reginald Gross, Jr., was in the center of the highway when he was struck by the front side of the truck. Under persistent interrogation he was unable to explain howi he evaluated the speed of the car and expressed the further opinion that at the point where the accident occurred in the highway, it measured only ten feet in width, when, in fact, the highway was obviously wider.
*296 In all, nine witnesses testified on behalf of the defendant, each of whom, without equivocation, was of the opinion the truck was travelling approximately fifteen miles per hour; defendant applied (his brakes immediately, swerved his truck to the left in an effort to avoid striking the child and that he exercised every prudent measure in an endeavor to avoid the accident.
Milton Zeringtte testified that when he first observed plaintiff “he was running pretty fast and jumped over the ditch” and that after he had cleared the ditch he continued to run into the highway; he was operating the track at a speed of about fifteen miles per hour, applied his brakes immediately and swerved to the left in an effort to avoid the accident; when he struck the child he was moving at a speed of about ten miles per hour and when the truck came to a stop it was positioned at an angle in the highway, with the rear wheels in about the center thereof and the front wheels on the left side or shoulder of the highway. He further testified that the truck which he was operating was “brand new” and the condition of the brakes was “very good”; the skid marks covered a distance of approximately seven or eight feet, and began in the right lane and ended in the left lane of the highway where the truck came to a stop.
Andrew Boudreaux, who was an occupant of the front seat of the truck, testified that the truck was traveling at about fifteen miles per hour and he frankly did not observe the child until he was almost in front of the truck; the defendant immediately applied his brakes and “cut hard to the left to try to avoid hitting the child”; the truck finally stopped at an angle in the highway with the front wheels on the left shoulder thereof and the rear wheels in the center thereof; the skid marks, in his opinion, covered about seven or eight feet and the track traveled only three or four feet after it struck plaintiff.
Nel Foret, who was also an occupant of the front seat of the truck, testified that the truck was traveling about fifteen miles per hour; he first observed the child simultaneously on the sidewalk and running into the highway; defendant, in an effort to avoid him, applied his brakes and turned to his left, but the child continued into the path of the truck; the truck did not travel more than five feet after the accident and came to a stop at an angle in the highway.
Six occupants, who were riding in the rear of the truck, all testified that it was traveling at a slow rate of speed, approximately fifteen miles per hour; defendant suddenly applied the brakes and swerved to the left; and the truck came to a stop on an angle in the highway.
The only question posed for our consideration is one of fact and that is whether the defendant was guilty of any negligence in the operation of his truck which was the proximate cause of the accident.
The trial judge resolved the answer to this question of fact in favor of defendant and our careful evaluation of the testimony contained in the record fails to disclose any error in his conclusions. We are of the opinion that the accident was unavoidable and that the defendant was not guilty of the slightest degree of negligence.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.