BARNETTE, Judge.
This is a suit by Thomas Charles Bryan, individually and as administrator of his minor child’s estate, for damages sustained as the result of injuries suffered by the child when struck by the automobile of the defendant motorist. From a judgment in favor of the defendant motorist and his insurer dismissing plaintiff’s suit, plaintiff has appealed.
The minor child Carl C. Bryan, who, at the time in question, was eight years and seven months of age, was painfully and seriously injured when he ran into the street from behind a parked car and was struck by an automobile owned and driven by Emile C. Durr and insured by Fireman’s Fund Insurance Company. The accident occurred on February 15, 1966, on Elmeer Street in Jefferson Parish.
Elmeer Street runs in a generally north and south direction. The point in question is about 25 feet north of the intersection of Elmeer and Claudius Streets. A family by the name of Doerr occupied a house on the northeast corner of the intersection. Several vacant lots were to the immediate north of the Doerr house. The opposite side of Elmeer Street was fully developed with no vacant lots in the immediate vicinity of the Doerr home.
There was no lateral pedestrian sidewalk along Elmeer Street on the east side, and the walkway leading to the Doerr house from the street began at the curb, thus the front yard of the Doerr house extended to the street curb.
A station wagon was parked slightly north of the walkway leading from the street to the Doerr house; no part of it was blocking the walkway. Four small boys, including the plaintiff child, were in the Doerr yard playing. In addition to young Bryan only one other child testified. He was 12 years old at the time of trial two years after the accident. The ages of the others were not stated. The testimony of Carl Bryan was of no value. He said he could remember nothing about the accident and was not questioned further. There is no positive evidence that immediately preceding the accident the children’s play involved running or any unusual activity which might have attracted more than casual notice of a passing motorist.
The defendant Durr entered Elmeer Street a short distance north of the Doerr home, and he was proceeding within the 20 mile speed limit toward Claudius Street. Another car, driven by the witness Ernest I. Landry, was proceeding in the same manner about a half block behind the Durr automobile. There were cars parked on the west side of Elmeer Street, but the testimony does not clearly establish how many or their exact location. Mr. Durr testified one was parked opposite the station wagon which left him a minimum clearance to pass in the middle of the street. The exact width of the street was not stated. From the photographs in evidence, it appears to be a little more than the width of three automobiles.
We think it is of no great significance whether there was an automobile parked directly opposite the station wagon, as Mr. Durr said, or some short distance back. We have no doubt that the parking of automobiles left little space for the passage of vehicles except in the very center of the street.
*550 At about the moment the Durr automobile reached a line even with the front of the station wagon the Bryan youth suddenly left his place of safety in the Doerr yard about 15 feet from the street. He ran directly behind the station wagon and into the left front corner of the Durr automobile. The force of his forward motion and the moving automobile caused a severe impact, sufficient to make two very small, yet visible, dents in the left front fender about 1 foot back from the headlight. The child was knocked forward and away from the automobile, which stopped almost immediately just 7 feet from the point of impact.
Mr. Durr testified that his line of vision had been obstructed by the station wagon. The witness Landry, about a half block back, travelling at the same speed, saw the child run from his place of safety and observed him through the windows of the station wagon as he ran behind it into the front corner of the Durr automobile just as it passed the station wagon. As Landry was farther back, and since his vision was unobstructed by the station wagon, he was in a more favorable position to view the scene and to witness the movement of the Bryan child than was defendant Durr.
The trial judge found Durr negligent on the theory that he should have exercised extreme caution under the circumstances. He said:
“ * * * The children were visible near the roadway. Having noticed young people in the area, it was Durr’s duty to closely observe playing children. He was charged with knowledge that children do dart into the street suddenly and without warning. Even though the parked vehicle was to his left, it is difficult to understand how, had he been looking he would not have seen this boy running at some point before he reached the street.
“But in order to find negligence on the part of Durr, it is not necessary to find as a fact, that he should have seen the boy actually running towards the street before the accident. It is an established rule, that where a motorist sees children playing on or near a roadway, it is his duty to exercise extreme caution in the operation of his vehicle and to anticipate that one of the children will run into the street. If Durr’s testimony that there was a car parked on the right is correct, his ability to' dodge a child was restricted and called for an even higher degree of care. Instead of slowing his car and keeping a careful lookout, Durr, after seeing the children in the yard, continued at the same speed which was approximately the speed limit. He made no effort to slow his car nor did he take any precautions whatsoever to anticipate or prevent an accident. Durr was negligent and did not exercise the degree of care required by the circumstances.”
Recovery was denied, however, on the finding of contributory negligence on the part of young Bryan.
Counsel for plaintiff argues that as Durr was found to be negligent by the trial judge we should not now disturb this finding under the manifest error rule. Then proceeding from the premise that Durr’s negligence is established, he argues that the defendant has not discharged the burden of affirmative proof of contributory negligence. More specifically he argues that the defendants have not proved that the child had the legal capacity to commit negligence. He points to the absence of testimony touching upon the child’s educational background and level of intelligence.
We cannot concur in the finding of negligence on the part of Mr. Durr. In arriving at this conclusion we are not unmindful of the manifest error rule, but our difference of opinion with the trial judge is not one of fact, but a difference of legal conclusion drawn from the facts concerning which we are not in material *551 disagreement. We think the conclusion reached by us in Williams v. Charles, La. App., 171 So.2d 831 (1965), under similar facts, is equally correct here. In that case we said: expressed in either of those cases. We are in full accord with the principle of law which 'imposes “a high degree of care [upon a motorist] in the operation of a motor vehicle on the streets and highways where children assemble or walk, to the end that they be not injured or killed, notwithstanding youthful indiscretion and propensity.” (See Stamps v. Henderson, supra, at 308.) The principle was properly applied, we think, in both Stamps and Moreau. In the Stamps case a child, aged nine and a half years, was walking along the shoulder of a highway within clear view of the motorist and suddenly made a turn to cross the highway in front of the approaching car. In Moreau a group composed of 12 to 15 school children were crossing a highway. The defendant truck driver and another motorist, passing in the opposite direction, both stopped; but the truck driver started up again before the roadway was cleared of the children just as the injured child ran from behind the other motorist’s car. Under somewhat similar factual situations the principle of the high degree of care owed by the motorist was applied in favor of an injured child in Guillory v. Horecky, 185 La. 21, 168 So. 481 (1936), and Cimo v. Karstendiek, 173 So. 548 (La.App. Orleans 1937).
“We are aware, of course, of our settled jurisprudence holding a motorist to a high degree of care when he knows, or should know, that small children are in his immediate vicinity, particularly when the children are not under the care of an older person. But a motorist is not the insurer of the safety of such children, whether or not fault exists on his part depends upon the facts and circumstances of each particular case, and the manner in which a reasonably prudent man would have acted under the same facts and circumstances is the test used in determining fault. Brown v. Liberty Mutual Insurance Co., 234 La. 860, 101 So.2d 696; Kessinger v. Ashford, La. App., 165 So.2d 534; Ferrara v. Allstate Insurance Co., La.App., 152 So.2d 252; Bloodworth v. Hutchinson, La.App., 150 So.2d 877; Schuster v. Audubon Insurance Company, La.App., 147 So.2d 226; Layfield v. Bourgeois, La.App., 142 So. 2d 799; Gross v. Zeringue, La.App., 58 So.2d 294.
“Here it was the sudden act of the boy in running from between parked vehicles into the moving defendant hearse which caused the accident, an accident which the defendant driver was unable to avoid. * * * ” 171 So.2d at 833.
See also Goff v. Carlino, 181 So.2d 426 (La.App. 3d Cir. 1965); Wilson v. Aetna Casualty & Surety Company, 180 So.2d 218 (La.App. 2d Cir. 1965); Winzer v. Stonewall Insurance Company, 175 So.2d 926 (La.App. 2d Cir. 1965).
Plaintiff’s counsel relies heavily on Stamps v. Henderson, 25 So.2d 305 (La.App. 2d Cir. 1946). This case in turn derives its force from the earlier opinion in Moreau v. Southern Bell Telephone & Telegraph Co., 158 So. 412 (La.App. 2d Cir. 1935). We find no fault with the opinions
In the instant case the children, including Carl Bryan, were not crossing nor walking along the edge of the street, but were standing in the front yard of the Doerr home, approximately 15 feet from the street. The evidence does not indicate any reason to hold Durr negligent in not anticipating that one of them might run into the street from behind the station wagon. We think he proceeded with the care that particular situation required of a reasonably prudent motorist. We agree with the court’s statement in the Stamps case: “In the final analysis, the facts of each case must and do, as a rule, determine the question of liability or nonliability.” (See Stamps v. Henderson, supra, at 308.)
To hold Durr to a higher degree of care than that which he observed would *552 make him an insurer of the safety of all the children who might be in the yards of the homes along the street. This would indeed be an extremely heavy burden and one which we do not think our jurisprudence imposes.
Having found the motorist free from negligence it is not necessary to discuss the question of contributory negligence which the trial judge found as a bar to recovery.
For these reasons, the judgment rejecting plaintiffs demands and dismissing his suit at his cost is affirmed.
Affirmed.