BARNETTE, Judge.
This is a suit by Robert A. James, individually and as administrator of the estate of his minor son, Terence A. James, against Salvadore D. Maggio and his wife, Eunice C. Maggio, in solido, for damages sustained as the result of injuries suffered by the child when struck by an automobile driven by Mrs. Maggio. From a *700 judgment in favor of defendants dismissing plaintiff’s suit, plaintiff has appealed.
The accident occurred on September 2, 1966, on Melody Drive in Metairie, Louisiana, when Terence A. James seven and one-half years of age, was injured when he ran into the street and was struck by an automobile owned by Salvadore D. Mag-gio and driven by his wife, Eunice G. Maggio.
Melody Drive is a two-laned street (23 feet 4 inches wide) and runs in a generally north and south direction. Its southern end intersects with a service road adjacent to Interstate Highway 10 and its northern end intersects with a service road adjacent to Veterans Memorial Highway. Melody Drive is located in a residential section with homes situated on both sides of the street. The Maggio home is located on the street approximately 320 feet from the intersection of Interstate Highway 10.
The record reveals that Mrs. Maggio, her step-daughter and sister left her home at 628 Melody Drive and proceeded in a southerly direction toward the Interstate 10 service road, travelling at a speed of 10 to 15 miles per hour. Approximately 250 feet from the Maggio home, and on the east side of the street, is a residence numbered 613 Melody Drive. Young Terry James and other children were playing in the yard in front of this house. An automobile was parked in front of the residence, to Mrs. Maggio’s left as she proceeded toward the I — 10 service road.
Mrs. Maggio testified that after she had travelled approximately 250 feet, and just as she passed the 613 Melody Drive residence, Terry ran out from behind the parked automobile and directly into her path. After striking the child, the automobile was brought to a stop about 17 feet past the point of impact. Mrs. Mag-gio stated that her vision was obstructed by the parked car and she did not see the child until he was directly in front of her automobile.
Mrs. Maggio’s sister, Consuella, is a resident of Honduras and was visiting the Maggio home on the date of the accident. At the time of trial she had returned to Honduras, and her testimony was not available to the trial court.
Young Terry James testified at the trial. He stated that just prior to the accident he and other children were playing a game called “kick the can.” When asked to explain the game, the boy testified:
“Q Arid when the can was kicked what did you do ?
A I run across the street to go hide.
Q Is that when the accident happened ?
A Yes sir.
Q How did you run out in the street?
A I ran pretty straight and just a little slanted.
Q Were there any parked cars near you when you ran out in the street?
A Yes sir.”
He further stated:
“Q Do you remember if that car was near you when you ran out into the street?
A Yes it was.
Q Is that the one you ran out, that was near you as you ran out into the street?
A Yes sir.
Q You’re not just telling me because you’re in court just to be agreeable, is that what you remember?
A It was there, I remember that white car because I remember seeing the back of it.
Q And that was the car that you ran by as you went out into the street ?
*701 A Yes sir.”
In his reasons for judgment, the trial court judge said, in part:
“In attempting to show negligence on Mrs. Maggio’s part, plaintiff sought to prove, generally, that Mrs. Maggio knew that there were children in the neighborhood and that often they ran into the street, that there were no cars parked on Mrs. Maggio’s left and that her view was unobstructed, that she was driving too fast, under existing conditions, that she should have anticipated that a child would dart into her path, and that, if this happened, she should have been able to stop without inflicting injury.
“After carefully considering these contentions in conjunction with the particular facts of this accident, the Court is of the opinion that there is no actionable negligence.”
After a careful review of the record, we must agree with the conclusion of the trial court judge.
In arriving at our decision we are well aware of the rule that holds a motorist to a high degree of care when he knows, or should know, that young children are in his immediate vicinity. However, we must consider also the rule that a motorist is not the insurer of the safety of small children. If he is driving at a lawful and reasonable rate of speed and is obeying the rules of the road as to proper lookout, he will not be held liable where a child suddenly darts or runs into his path from a concealed position in such a manner that the motorist is unable to avoid striking the child. Each case must be adjudged on the facts peculiar to it and no one case is controlling of another. Duraso v. Barbo, 215 So.2d 908 (La.App. 1st Cir. 1968); Bryan v. Durr, 209 So.2d 548 (La.App. 4th Cir. 1968); Carbo v. Houston Fire & Casualty Insurance Company, 208 So.2d 364 (La.App. 1st Cir. 1968); Campo v. Vampran, 183 So.2d 57 (La.App. 1st Cir. 1966); Beasley v. Pate, 180 So.2d 219 (La.App. 2d Cir. 1965).
From the facts of this case, the evidence preponderates that Mrs. Maggio was not negligent in driving. Her rate of speed down Melody Drive was well within the speed limit for that street. At the point of impact she was only 58 feet from the intersection of the Interstate 10 service road, and it may reasonably be concluded that she was slowing down to prepare for a stop. There was no evidence presented that she was driving in a reckless or unreasonable manner, or that she did not keep a proper lookout. On the contrary, especially in lieu of the very candid testimony of young Terry, the conclusion can only be that the boy, caught up in the enthusiasm and excitement of the game, heedlessly ran from behind the parked automobile into the path of defendant’s car.
Plaintiff has placed strong emphasis on the testimony of Kathy Maggio, defendant’s daughter and a passenger in the automobile. Miss Maggio, a young girl of 16 years at the time of the accident, stated, in effect, that immediately prior to the collision she saw Terry along the side of defendant’s automobile, that she put her head down for a moment and then, when she lifted her head and looked again, Terry was in front of the car. Plaintiff argues that if Kathy saw Terry at the times and places she alleged in her testimony, then Mrs. Maggio should have seen the boy at these same times, and therefore was negligent for failing to'keep a proper lookout. We cannot agree with plaintiff’s conclusions. In the first place, we are not convinced that Kathy saw the youth in the positions she alleged she did. She admitted that the collision occurred in such a short time after she first saw Terry that she only had a brief glance at the boy before he was struck. Secondly, it *702 is highly speculative that even if Mrs. Maggio had seen the boy at the times and places alleged by Kathy she would have been able to avoid striking him.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.