PRICE, Judge.
Shirley Ann Thomas and Joe Louis Smith, alleging themselves to be the parents of the illegitimate child, Beverly Rene Thomas, filed this action under LSA-C.C. Art. 2315 for wrongful death against Wayne J. Durham, Jr. and his liability insurer, State Farm Mutual Automobile Insurance Company.
On the morning of May 10, 1968, Beverly Thomas, a first-grader at Mt. Nebo Elementary School and at the time seven years of age, was on her way to classes. It was around 8:40 in the morning and school had already begun. When she reached a point which is about halfway of the 3000 block of Jackson Street in Monroe, across the street from the school, Beverly ran from behind a car parked on the curb into the path of a 1967 Mustang automobile driven by Wayne J. Durham, Jr., which was proceeding in a southerly direction at about 30 miles per hour. Beverly Thomas died as the ultimate result of the injuries sustained by her when she was hit by Durham’s automobile. Jackson Street is a two-lane blacktopped street running roughly north and south through Monroe. The weather conditions on the morning of the accident consisted of a misty rain which had made the streets slippery and wet.
The plaintiffs charged Durham with various acts of negligence among which were operating his auto at an excessive rate of speed in a school zone at a time of the day when it was reasonable to expect *130 that children would be crossing the street, as well as being in violation of the ordinances of Monroe that set school zone speeds at 15 miles per hour, not maintaining a proper lookout, and failing to perceive the child crossing the street. Defendants in answer to plaintiff’s petition deny that Durham was chargeable with any negligence, but alternatively charges the child with contributory negligence.
After a trial on the merits, the district judge in his written reasons for judgment found that the plaintiffs failed to prove any negligence on the part of the defendant, Durham, and rejected the plaintiffs’ demands at their costs. From this adverse judgment the plaintiffs have perfected this appeal.
Durham testified that he was driving his automobile 30 miles per hour just prior to the accident and there is no evidence to contradict the accuracy of his estimate of speed.
Plaintiffs urge that the speed of 30 miles per hour was excessive under the conditions and ordinances of the City of Monroe affecting the area in which the accident occurred. Section 24-8 of the Traffic Code of the City of Monroe provides that no vehicle shall be operated in excess of 15 miles per hour past any school ground while any child is “occupying” such ground.
The evidence in this case is conflicting as to whether or not there were any visible signs in the vicinity of the accident indicating that a school zone was present. The Mt. Nebo Elementary School consists of a small white frame building situated some 60 feet from the street on the easterly side of Jackson Street. Durham testified that he was unfamiliar with this street in the City of Monroe and was not aware that a school existed in the vicinity until after the accident had occurred. He testified that the only warning sign that he observed prior to entering the block in which the school was situated was a traffic speed sign designating the speed limit as 35 miles per hour. This testimony was corroborated by the testimony of the two investigating officers and a witness who lived adjacent to the scene of the accident, who testified that additional signs were erected in the area immediately after the accident, indicating the school zone and a 15 mile per hour speed limit.
Although appellee contends that the City of Monroe has no authority to regulate the speed on Jackson Street as it is a portion of the State Highway System, and under the provisions of LSA-R.S. 32:21, 41, 42 only the State may prescribe the maximum speed limit, we do not find it necessary to resolve this question. We believe the evidence is clear that the only traffic signs erected in this vicinity at the time of the accident indicated that the maximum speed limit was 35 miles per hour. There were no children on the school ground at the time of the accident as school had taken in at 8:00 o’clock, A.M., some thirty-five minutes prior to the occurrence.
Even should the ordinance be effective on a State Highway, by its own terms it would not have been effective at this time of day. The plaintiff testified that the child ran suddenly from in front of a parked Cadillac automobile directly into his path. He was approximately one and one-half car. lengths from her position and had no opportunity to avoid striking the child. This testimony is substantiated by an independent witness who was driving a Coca-Cola Bottling Company truck, and who was almost abreast of the child’s position at the time she darted into the street.
In the case of Campo v. Vampran, La. App., 183 So.2d 57, 61 (1st Cir., 1966), the court described the duty of care owed by a motorist to avoid injury to a child as follows :
“The duty to exercise greater than ordinary care to avoid injury to a child does not become operative or exist in favor of such child until his presence is *131 known or should have been known under the existing facts of the particular case to the operator or driver of a motor ve-hlCle'
Also in the case of Layfield v. Bourgeois, La.App., 142 So.2d 799, 801 (3d Cir., 1962), wherein the court had before it a similar factual situation, the court made the following comment:
“ * * * a motorist is notan insurer of the safety of children playing near the street. If the motorist is proceeding at a lawful and reasonable speed and obeying all of the rules of the road as to proper lookout etc. he will not he held liable where a child suddenly darts or runs into his path from a concealed position in such a manner that the motorist is unable to avoid striking the child.”
From the evidence in this case it is apparent that Durham had no reason to suspect that the Thomas child was about to enter the street as she was completely concealed from his vision by the parked automobile. The point where the child attempted to cross the street was not a regular crosswalk marked by painted lines. The existence of the school was not evident to a motorist unfamiliar with this area of Monroe. There were no other children present in the vicinity to put a reasonable driver on guard.
From the evidence in this case we find that the defendant, Durham, was operating his automobile with reasonable care at the time of the unfortunate accident and could have done nothing further to have prevented its occurrence. He was driving at a speed less than the posted maximum allowed by law and there was no reason for him to have expected the presence of the child in between the parked automobiles.
For the foregoing reasons the judgment appealed from is affirmed at appellants’ cost.