TATE, Judge.
As shown by our earlier opinion, La. App., 225 So.2d 157, 9-year-old Michael Brown was maimed when a chimpanzee at the defendant city’s zoo seized him. By this earlier opinion, we affirmed the trial court judgment holding the city liable for all injuries sustained; but we denied the city’s application for rehearing.
However, our opinion had also reduced the award of general damages for Michael’s injuries from $17,500 to $10,000. We granted plaintiff’s application which contended that this reduction of the general damages was erroneous.
Thus, the sole issue before us on this rehearing is the question of whether the trial court abused its discretion in awarding $17,500 general damages for young Michael’s personal injuries.
To recapitulate these injuries:
Young Michael’s right ring finger was bitten or torn off by the chimpanzee. His right elbow was grossly dislocated, with one of the fractured bones protruding where the elbow skin coverage had been completely torn away. (He also suffered multiple bite wounds of the arm, which latter were cured without disability.)
As our original majority opinion also noted, the uncontradicted medical testimony shows that, in addition to the loss of his finger, young Michael was left with a permanent disability of the right arm due to the elbow injuries. He has a 15% limitation of extension of the right arm, evaluated as a 10% disability of the right arm. His ultimate evaluation, considering elbow and finger injuries, was of a 20% permanent disability of the right arm. Tr. 153-54, 156.
In addition, due to infection and damage to the elbow joint, there is a possibility of growth impairment which will increase the impairment. Tr. 153. There is also a strong probability that his right arm will develop arthritis faster than in a normal person. Tr. 153.
On rehearing, a majority of this court now feels we were in error in reduc *602 ing the trial court’s award of general damages from $17,500 to $10,000. We feel that, in so doing, we overlooked the principle recently re-emphasized by our Supreme Court in Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127. There, in reversing this court’s reduction of a trial award, our Supreme Court stated:
“We made clear in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, as extended in Ballard v. National Indemnity Company, 246 La. 963, 169 So.2d 64, and its companion cases, that a type of injury has little significance for determining the amount of damages, but that each case must be evaluated according to its own peculiar facts and circumstances as to the damage caused by that type of injury. * * * [200 So.2d 128-129.]
“We recognize that in cases of this type the Constitution makes it the duty of appellate courts to review both the law and fact, but in their examination of the fact these courts must give effect to the basic law set out in Article 1934(3) of our Civil Code that in the assessment of damages in cases of offenses and quasi offenses ‘much discretion must be left to the judge or jury’. This law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court’s examination of the facts reveals a clear abuse of the discretion vested in the lower court. [200 So.2d 131-132.]” (Italics supplied.)
Applying this test, we cannot say that the trial court abused its discretion in awarding $17,500 for the permanent maiming and disability this little boy has sustained for the remainder of his life, as well as the terror and horror and excruciating pain sustained by him when the harm was inflicted. As the trial court’s thorough and carefully considered opinion indicates, there are no awards for truly comparable injuries, although several for lesser injuries[1] do indicate that an award of $17,500 is well within the discretion of the trial court to award.
Accordingly, we rescind that portion of our decree in our original opinion which reduced the trial court’s award of general damages, and we now.affirm the trial court judgment in all respects.
Affirmed.

. See, for example: Prejeant v. Allstate Insurance Co., La.App. 1st Cir., 174 So.2d 861 ($15,000 to 56-year-old man for 15-30% permanent disability of right arm and lesser injuries); Gray v. Great American Indemnity Co., La.App. 1st Cir., 121 So.2d 381 ($7,000 for leg fracture of 7-year-old boy without residual disability); Matherne v. Crowther, La.App. 1st Cir., 96 So.2d 89 (1957; $12,-500, high school boy, residual knee disability of 10-15%) ; Smith v. Manufacturers Casualty Ins. Co., La.App. 1st Cir., 83 So.2d 164 (1955; $12,500, 12% permanent disability of teen-age boy’s left leg). (In evaluating these older awards in terms of today’s dollar, the depreciating purchasing power of money over the past decade should be considered.)