SAMUEL, Judge.
This is a suit for damages for personal injuries allegedly sustained by an eight year old boy, Eddie Fritz Armstrong, a pedestrian who was struck by an automobile. Plaintiff, the boy’s mother, filed the suit individually for hospital and future medical expenses and on behalf of the child for pain and suffering. The two defendants, the driver of the vehicle and his liability insurer, answered denying negli *587 gence on the part of the driver and alternatively pleading contributory negligence on the part of the boy. After trial there was judgment in favor of the defendants, dismissing plaintiff’s suit. The judgment is based on a finding by the trial judge of no negligence on the part of the defendant driver. Plaintiff has appealed.
Five witnesses testified relative to the manner in which the accident took place. They were: the injured boy; his two companions, boys approximately three or four years older than he; the defendant driver; that driver’s wife, a passenger in her husband’s automobile at the time of the accident ; a bus driver who had been operating a bus on Dryades Street and saw the accident occur; and the investigating police officer.
Most of the facts of the accident are not in dispute. However, pointing to an apparent inconsistency in the testimony of the disinterested bus driver, counsel for plaintiff contends the bus driver’s testimony is to the effect that when the Armstrong boy was struck the defendant driver was traveling at a speed of IS to 20 miles per hour and was only approximately 10 feet behind the last of several cars stopped ahead of him. We have carefully examined all of the record, with particular emphasis on the testimony of the bus driver, and we find the contention is without merit. In addition to the apparent inevitability, if the contention is factually correct, of the boy being crushed between the front of the defendant vehicle and the rear of the stopped car immediately ahead of that vehicle (which quite clearly did not happen), the portion of testimony on which plaintiff’s counsel relies is taken out of context. The bus driver’s testimony, taken as a whole, is fully in accordance with the trial court’s findings of fact.
As found by the trial judge and by us the facts are:
The accident occurred in the City of New Orleans during the afternoon of June 2, 1967 (a dry, clear day) on Dryades Street midway in the block between Thalia and Melpomene. The block was occupied by commercial establishments and in that area Dryades was divided by a narrow neutral ground on each side of which were three lanes, two for moving traffic and one (the farthest away from the neutral ground) for parked vehicles. Traffic was controlled by semaphore lights at the intersection of Dryades and Melpomene.
The defendant driver was proceeding on Dryades towards Melpomene in the traffic lane next to the neutral ground. He brought his vehicle to a stop behind several cars in the same traffic lane, which vehicles were stopped in obedience to a red signal light facing them at the Melpomene corner. At that time his automobile was approximately 10 feet behind the car immediately in front of him and a shorter distance behind the front end of a bus which was stopped in the traffic lane to his right. The right side of his car and the left side of the bus were only 1 or 2 feet apart. In front of that bus was another bus which also was stopped. Prior to the time the light changed and traffic began to move, one of young Armstrong’s two companions crossed both sides of Dryades and the other crossed to the neutral ground.
When the traffic light at Melpomene turned to green the cars preceding the defendant driver in the neutral ground lane began to move forward and the defendant vehicle also started to move. Just at that time the Armstrong boy attempted to cross in front of the defendant car. He ran between the rear of the first bus and the front of the bus which was to the defendant driver’s right, both vehicles remaining stopped, directly into the path of the defendant car and was struck by the front or right front of that vehicle. The child was knocked to the ground and immediately jumped up and began to run again. When the impact occurred the defendant car was traveling at approximately 5 miles per hour. Its driver saw the boy immediately before the impact, applied his brakes and *588 brought the vehicle to a stop only a few feet from the point of impact.
Whether or not negligence or fault exists depends upon the facts and circumstances of each particular case and the manner in which a reasonably prudent man would have acted under the same facts and circumstances is the test used in determining fault. As this court said in Bloodworth v. Hutchinson, La.App., 150 So.2d 877, 879, quoting the rule succinctly expressed in Brown v. Liberty Mutual Insurance Company, 234 La. 860, 866, 101 So.2d 696, 698:
“We think the Court of Appeal erred in that it imposed on Devall a higher standard of care than justified by the facts of the case. Liability for damages under Article 2315 of the Civil Code is founded upon fault and whether or not fault exists depends upon the facts and circumstances presented in each particular case. In determining fault, a common-sense test is to be applied — that is— how would a reasonably prudent man have acted or what précautions would he have taken if faced with similar conditions and circumstances? The degree of care to be exercised must always be commensurate with the foreseeable dangers confronting the alleged wrongdoer.”
In the instant case we agree with the trial judge’s conclusion of no negligence on the part of the defendant driver. We find that he was driving carefully and prudently and did everything possible to avoid, or minimize the results of, the accident. Since the child ran from a place of concealment behind a parked bus directly into the path of, and only a very few feet in front of, the defendant vehicle, an act which the driver of that vehicle could not possibly have foreseen or anticipated, there was no fault on the part of that driver. James v. Maggio, La.App., 223 So.2d 699; O’Connor v. St. Louis Fire & Marine Insurance Co., La.App., 217 So.2d 750; Duraso v. Barbo, La.App., 215 So.2d 908; Danos v. Central National Insurance Co. of Omaha, La.App., 211 So.2d 106; Bryan v. Durr, La.App., 209 So.2d 548; Carbo v. Houston Fire & Casualty Insurance Company, La.App., 208 So.2d 364; Williams v. Charles, La.App., 171 So.2d 831.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.