AYRES, Judge.
This is an action in tort wherein plaintiffs, natural parents of Eloise Anderson, a 9-year-old minor, seek to recover of the named defendant, his employer and its insurer, damages for the death of the minor when struck by defendant employer’s truck. Defendants deny plaintiffs’ charges of negligence or that plaintiffs are the parents of the minor, or that they have a legal right or cause of action to institute this suit or to stand in judgment, and, in the alternative, plead contributory negligence. There was judgment rejecting plaintiffs’ demands and they accordingly prosecute this appeal.
The accident occurred near noon May 11, 1968, on State Highway 17, a 2-lane 18-foot wide asphalt-surfaced highway with narrow shoulders sloping to roadside ditches from three to four feet in depth. The scene is about two-tenths of a mile north of the corporate limits of Oak Grove, West Carroll Parish. Though it was cloudy and rain was threatening, the roadway surface at the time was dry. Defendant’s truck was proceeding in a southerly direction in its proper lane of travel at a speed of possibly 45 m. p. h. in a 50-mile-speed-limit zone.
As defendant John Robert Janes, driver of defendant’s vehicle, approached the scene of the accident, he was met by a northbound oncoming vehicle. Immediately thereafter, Janes saw the child some three or four feet on the east of the roadway’s travel surface running in a westerly direction toward, and continuing upon, the highway without looking in the direction from which the truck was approaching. Thereupon, James immediately applied his brakes and skidded 30 feet to the point of impact as he veered his truck to the right which eventually, after proceeding approximately 12 feet farther, crossed the shoulder and went into the right roadside ditch. Defendant testified the child never stopped after entering upon the highway but continued into the southbound traffic lane in front of the truck where she was struck by its left front fender.
Plaintiffs make no specification of errors in the judgment appealed, but negligence charged to the defendant driver consists of a failure to maintain a proper lookout or to keep the truck under control and in operating the truck with defective brakes and at an excessive speed. None of these charges have been established to any degree of certainty. The evidence preponderates to the effect that Janes was traveling well within the posted speed limit; that he took immediate action on seeing the child running toward and into the highway; he applied his brakes and veered his truck to the right. There is no showing that he could have, or should have, seen the child sooner than he did or that he should have sooner taken evasive action. The brakes on his truck were shown to have been in good condition.
Plaintiffs would, nevertheless, invoke the doctrine of last clear chance. We find no basis on which this doctrine could be found to have application under the facts of this case. Before this doctrine may be applied, three essential facts must be established: (1) that the injured party was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that defendant was in a position to see or discover such peril; *240 and (3) that at such time defendant could have, with the exercise of reasonable care, avoided the accident. James v. Maggio, 223 So.2d 699 (La.App., 4th Cir. 1969); Tate v. Hill, 197 So.2d 107 (La.App., 1st Cir. 1967—writ refused) ; Phares v. Biggs, 135 So.2d 507 (La.App., 2d Cir. 1961-cert. denied) ; McCallum v. Adkerson, 126 So.2d 835 (La.App., 2d Cir. 1961); Maryland Casualty Co. v. Allstate Insurance Co., 96 So.2d 340 (La.App., 2d Cir. 1957—writ denied); Jenkins v. Firemen’s Insurance Co. of Newark, N. J., 83 So.2d 494 (La. App., 2d Cir. 1955—writ denied).
The last two of these basic requirements have not been established as present in the situation existing in the instant case. The burden was upon plaintiffs to establish that defendant was in a position to discover the child’s peril by the exercise of reasonable care, caution, and observation, as well as to establish that when defendant discovered or should have discovered the child’s peril he was possessed of a reasonable opportunity to avoid the accident. Jones v. Dozier, 160 So.2d 395 (La.App., 1st Cir. 1964) ; McCallum v. Adkerson, supra; Whitner v. Scott, 116 So.2d 180 (La. App., 1st Cir. 1959); Newton v. Pacillo, 111 So.2d 895 (La.App., 2d Cir. 1959-cert. denied).
Plaintiffs’ counsel, evidently with some confidence, cite Tate v. Hill, supra. The facts of that case are clearly distinguishable from the facts of the instant case. There it was stated:
“Linder the facts of this case, it is clear that Hill did nothing reasonably available to him with respect to avoiding this accident. Once seeing the boy running in the ditch on the shoulder of the road from a distance of 300 feet, Hill could have started slowing his vehicle to a speed which would have allowed him to stop on short notice. By his own admission he traveled an additional 200 feet before he took any action whatsoever and when he did it was too late. Even at the point of the lad’s hesitation, defendant Hill still presumed that the youth would see the oncoming pickup truck and thus retreat to a position of safety; So oblivious to the perilous situation unfolding before his very eyes was Hill that at no time did he sound his horn to warn the youth or call the lad’s attention to his (Hill’s) own approach.” 197 So.2d 107, 115.
 There is nothing in the record of the instant case indicating that Janes would have possessed the same or equal opportunity to avoid the accident as did the defendant in the cited case. There, defendant saw the victim at a distance of some 300 feet, after which he continued his course without interruption. In this case, defendant Janes, after meeting an oncoming vehicle, immediately and for the first time, observed the minor only a few feet from the edge of the highway surface running directly toward the highway and into his path. The distance intervening between the truck and the youth at the time the youth was thus first observed was, at the most, slightly more than 30 feet or approximately one-tenth the distance in which the minor in the cited case was observed. The immediate application of brakes and the skidding of the truck were clearly indicative of Janes’ maintenance of a proper lookout as well as his promptness in taking evasive action- — skidding his truck and veering to the right in an attempt to avoid the accident. The defendant Janes took nothing for granted, nor did he indulge in any assumption but acted promptly and without hesitation when he saw the minor emerging from the ditch and from among the grass, shrubbery, or bushes alongside the highway. Janes was thus confronted with an emergency not of his choosing or making, nor to which his actions contributed. Thus, in retrospect, it might be reasoned that, had he pursued a different course of action after he saw the child, the accident might have been avoided. Such reasoning would be predicated upon pure conjecture. Moreover, in such circumstances Janes is not chargeable with fault in steering his vehicle *241 to the right instead of to the left. Under such circumstances he is not charged with fault in pursuing a course of action seemingly proper at the time which subsequently and on cool reflection might be determined not to have been the wisest course.
As was pointed out in James v. Maggio, supra, we may say, with respect to the instant case, that:
“In arriving at our decision we are well aware of the rule that holds a motorist to a high degree of care when he knows, or should know, that young children are in his immediate vicinity. However, we must consider also the rule that a motorist is not the insurer of the safety of .small children. If he is driving at a lawful and reasonable rate of speed and is obeying the rules of the road as to proper lookout, he will not be held liable where a child suddenly darts or runs into his path from a concealed position in such a manner that the motorist is unable to avoid striking the child.” 223 So.2d 699, 701.
See, also: Thomas v. Durham, 225 So.2d 129 (La.App., 2d Cir. 1969); Layfield v. Bourgeois, 142 So.2d 799, 801 (La.App., 3d Cir. 1962).
From the evidence in this case the conclusion is inescapable that defendant Janes was operating his motor vehicle with reasonable care at the time of the unfortunate accident and could have done nothing further to prevent its occurrence. He was driving at a speed less than the posted maximum allowable by law and there was no reason for him to have expected the sudden emergence of the child from a concealed or obscured position by the roadside and to run into the highway in his path of travel.
Our conclusion is that no fault has been established as to defendant Janes, nor, under the facts and circumstances, does the last-clear-chance doctrine have any application.
This conclusion obviates any discussion or determination of the issue of the right of action of plaintiffs to institute this suit or to stand in judgment.
The judgment appealed is accordingly affirmed at plaintiffs’ costs.
Affirmed.