240 So.2d 780 (1970)
Theodis JONES et ux., Plaintiffs-Appellants,
v.
FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY et al., Defendants-Appellees.
No. 11450.
Court of Appeal of Louisiana, Second Circuit.
June 29, 1970.
Writ Refused September 30, 1970.
Rehearing Denied August 4, 1970.
*781 Campbell, Campbell, Marvin & Johnson, by James M. Johnson, Minden, for Theodis Jones and Ruby Lee Jones, plaintiffs-appellants.
Ferris & Achee, by Roland J. Achee, Shreveport, for Stephen S. Jenkins and Allstate Ins. Co.
Mayer & Smith, by Alex F. Smith, Jr., Shreveport, for Firemen's Ins. Co. of Newark, New Jersey, Henry Thompson, and Lillie Bryant Thompson.
Before AYRES, BOLIN and PRICE, JJ.
En Banc. Rehearing Denied August 4, 1970.
AYRES, Judge.
This is an action in tort wherein plaintiffs, parents of Veronica Yvette Jones, a minor not quite 10 years of age, seek to recover damages for the minor's death occasioned when she was struck by an automobile driven by Stephen S. Jenkins shortly after she had alighted from an automobile driven by Lillie Thompson. Made defendants in addition to Jenkins and Thompson, and the latter's husband, Henry Thompson, were their respective liability insurers. After trial, the court concluded fault was not established on the part of either of the defendant drivers as a proximate cause of the minor's death, but that the minor's death resulted solely from her own negligence. On a basis of that conclusion, plaintiffs' demands were rejected and they appealed.
The accident in which the minor was killed occurred about 9:15 a.m., Sunday, July 21, 1968, in front of petitioners' residence on State Highway 531 about a quarter of a mile north of Mount Nebo Baptist Church and three miles south of Dubberly, Louisiana. This highway, of asphalt surface approximately 20 feet in width, runs generally north and south, with one lane for traffic in each direction. Plaintiffs' home is located on the west side of the highway approximately 500 feet south of a hill. The highway is straight from the crest of the hill to the church. The area is rural in character with scattered residences along the highway.
After attending church services, the minor accompanied Lillie Thompson in the latter's car from the church to a point, as stated, opposite her parents' residence where the car was stopped to the right partially off the highway to permit the minor to alight from the automobile and to proceed across the highway to her home. The minor had been seated in the car to the right of the driver and, after departing therefrom, walked to the rear of and passed behind the Thompson vehicle. She then proceeded to cross the highway. The child passed between the car in which she had been a guest and that of Amy Thomas which had been following at a distance of two to three car lengths behind since *782 the vehicles left the church. While the Thompson vehicle was stopped to permit the minor to alight, headlights of an oncoming vehicle shone over the crest of the hill. As the minor was about to complete the crossing of the highway, the oncoming car, driven by Jenkins, struck her, causing her death. Jenkins testified he did not see the child in the highway until she came from behind the Thompson vehicle and then only momentarily before the collision. Jenkins applied his brakes and skidded his car, beginning at the point of impact, a distance of 110 feet.
Negligence charged to Lillie Thompson included the stoppage of her car on the opposite side of a heavily traveled highway from the minor's residence, where she permitted the minor to walk across the highway without taking reasonable precautions for the minor's safety at a time when she knew of the approach of Jenkins' oncoming vehicle, without warning the minor of the approach of the car and while maintaining the headlights of her own car, the brightness of which affected Jenkins' view.
Jenkins was charged with operating his vehicle at an excessive rate of speed, with a failure to maintain a proper lookout or to keep his vehicle under control.
The charges against Jenkins were not substantiated by the evidence. His speed was shown not to have exceeded 45 m.p.h. in a 60-m.p.h. speed zone. Upon seeing the lights of the Thompson vehicle, Jenkins, as he came over the hill, reduced his speed; and, as he approached the Thompson vehicle, the decedent, wearing a dark dress, suddenly emerged from behind the vehicle in which she had been riding and ran directly into the path of the oncoming car. Jenkins' estimate was that the child darted into his path when he was only 10 feet away, whereupon he applied his brakes and came to a stop within the range of his headlights.
We find, as did the trial judge, there was no negligence on the part of Jenkins; nor could the doctrine of last clear chance be applied to him. Before this doctrine may be applied, three essential facts must be established: (1) that the injured party was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that the defendant discovered or, by the exercise of reasonable precaution, should have discovered such peril; and (3) that, at such time, the defendant could, with the exercise of reasonable care, have avoided the accident.
Anderson v. Janes,
234 So.2d 238 (La.App., 2d Cir. 1970), and cases cited therein.
Jenkins was faced with a situation remarkably similar to that of the truck driver in the cited case of Anderson v. Janes, wherein this court stated:
"In this case, defendant Janes, after meeting an oncoming vehicle, immediately and for the first time, observed the minor only a few feet from the edge of the highway surface running directly toward the highway and into his path. The distance intervening between the truck and the youth at the time the youth was thus first observed was, at the most, slightly more than 30 feet. * * * The immediate application of brakes and the skidding of the truck were clearly indicative of Janes' maintenance of a proper lookout as well as his promptness in taking evasive action skidding his truck and veering to the right in an attempt to avoid the accident. The defendant Janes took nothing for granted, nor did he indulge in any assumption but acted promptly and without hesitation when he saw the minor emerging from the ditch and from among the grass, shrubbery, or bushes alongside the highway. Janes was then confronted with an emergency not of his choosing or making, nor to which his actions contributed." 234 So.2d 240.
The last two enumerated essential requirements to the application of the doctrine *783 of last clear chance were not established in the instant case. The burden to establish the facts essential to the application of the doctrine was upon plaintiffs, but, in this respect, they have failed.
The principle is well established that, when the record shows a plaintiff or the person for whose death an action for damage is brought was guilty of negligence, it is unnecessary to determine whether the defendant or defendants may have been negligent.
Matthews v. Camus Electric Company, 210 So.2d 189 (La.App., 2d Cir.1968).
This principle has application in the instant case to the charges of negligence directed to Lillie Thompson. Thus, it is unnecessary to determine the question of this defendant's negligence.
The jurisprudence is clear to the effect that a child of 9 or 10 years of age may be capable of negligence and of contributory negligence.
Brown v. City of Alexandria,
225 So.2d 157, 226 So.2d 600 (La.App., 3d Cir.1969writ refused);
White v. Hanover Insurance Company,
201 So.2d 201 (La.App., 1st Cir.1967), and cases cited therein.
Lillie Thompson testified that Veronica Jones was an excellent child, more so than the average. In this respect, her testimony was corroborated by that of the child's mother and father, who testified that their daughter was a bright, intelligent girl. The record, moreover, establishes that the child had lived at this location all her life; had crossed the highway at this place many times and, thus, was familiar with the hazards and the danger of running into the highway in front of an oncoming automobile. On many similar occasions, the child had ridden with Lillie Thompson from the church to her home when the same or a similar procedure was followed in her departure from the car and in crossing the highway to her home.
From our review of the record, we find no error in the conclusion obviously reached by the trial court, that the minor was guilty of negligence constituting a proximate cause, or, at least, a contributing cause, of her death. It is evident that she failed to maintain a proper lookout for oncoming traffic or to yield the right of way to the Jenkins automobile, and, moreover, was otherwise negligent in darting from behind the Thompson automobile into the path of the Jenkins vehicle in an attempt to cross the highway and reach her home when such a movement could not be made in safety. This negligence precludes recovery.
For the reasons assigned, the judgment appealed is affirmed at plaintiffs-appellants' costs.
Affirmed.