SARTAIN, Judge.
■ Plaintiff, Henry Martinez, individually and as administrator of the estate of his-minor son, David Martinez, instituted this suit against the Parish of East Baton Rouge to recover for personal injuries sustained by his minor son and to recover expenses incurred by him as a result of his son stepping into a patch of hot asphalt mix on Charles Street in the City of Baton Rouge. Judgment was rendered in the district court finding the defendant guilty of negligence in placing this “hot mix” on the roadway without erecting any warning signs or barricades to warn of the danger and rejecting defendant’s contention that plaintiff’s son was contributorily negligent in not seeing and avoiding the patch on the roadway. Plaintiff was awarded $300.00 damages and $70.00 for medical expenses. Defendant appeals from this adverse judgment.
At the time of the accident plaintiff’s home was located on the corner of North Acadian Thruway and Charles Street. At approximately 11:00 A.M. on August 18, 1971, David Martinez, who was nine years of age, walked from his home down Charles Street to the home of Carlin Silvio about one block away. The two boys played together at the Silvio residence until around noon when they left the Silvio residence to walk to a store located across North Acadian. They were accompanied by two young girls.' It was a warm summer day and both boys were barefooted. As they walked along Charles Street, David, who was preceding the others, stepped into a patch of hot asphalt on the roadway with his left foot. His left foot was burned and blistered as a result. He was seen by Dr. Lloyd G. Perez on the day of the accident and on two subsequent occasions for treatment of his burns.
Miss Jeanelle Taylor, David’s cousin who was staying with his family at the time, testified that she had observed Public Works vehicles on Charles Street between eleven and eleven-thirty that morning. Although she did not actually see the men patching the roadway, she stated that men were walking around on the street with shovels in their hands.
Mr. Luther Frazier, an employee of the City-Parish Department of Public Works, stated that he was a street repairman working the territory that included Charles Street at the time. He testified that he did not remember making repairs on Charles Street that particular day but that Charles Street was frequently patched with hot asphalt mix.
*926 All of the witnesses testified that on the day in question no barricades or warning signs were placed on Charles Street. In addition, the testimony of Mr. Luther Frazier and Mr. James G. Atteberry, the assistant chief engineer of the City-Parish Department of Public Works, adequately establishes that the hot asphalt mix used to patch asphalt streets by the defendant is mixed at a temperature of from 250 to 325 degrees fahrenheit and can be extremely hot when placed upon a roadway. It is also clear from the testimony that the hot mix will stay hot for a substantial period of time after being placed on a street, especially in the summer.
Apparently conceding its negligence in placing this hot asphalt mix on the roadway without taking any precautionary measures to warn of the danger, the defendant contends on this appeal that the sole issue before this court is whether David Martinez, who was nine years of age at the time of the accident, was contributo-rily negligent in not seeing and avoiding this patch in the roadway.
It is well settled that a child of nine or ten years of age may be capable of negligence and of contributory negligence. White v. Hanover Insurance Company, 201 So.2d 201 (1st La.App.1967); Jones v. Fireman’s Insurance Company of Newark, N. J., 240 So.2d 780 (2nd La.App.1970), writ refused, 256 La. 1143, 241 So.2d 250 (1970). However, the contributory negligence of a child of such tender years is measured by the standard of self-care expected of a child of his age, intelligence, and experience under the particular circumstances presented to him in each given case. Brantley v. Brown, 277 So.2d 141 (La.Sup.Ct., 1973); Tate v. Hill, 197 So.2d 107 (1st La.App.1967), writ refused, 250 La. 911, 199 So.2d 919 (1967).
While there is some testimony in this record that the patch into which David stepped was a shade darker in color from the surrounding roadway, there is also testimony that this roadway had numerous patches of varying shades ranging from dark black to gray. Mr. Atteberry testified that there would not be a radical color change between a new patch in which the mix would still be hot and one that had already cooled.
In passing on this issue the judge a quo stated in his oral reasons for judgment as follows:
“I don’t think in this instance that it’s contributory negligence for a nine year old barefoot boy, running around on a hot summer day, to step into a newly-laid patch of hot asphalt. He’s not charged with getting down and feeling and determining whether or not that patch is hot.”
Under the circumstances of this case we concur with the finding of the trial court that David Martinez was not contributorily negligent in inadvertently stepping into this newly-laid patch on the roadway.
Accordingly, for the above reasons, the judgment of the district court is affirmed. Defendant is cast for all costs permitted by law.
Affirmed.