McCALEB, Justice.
 

 This is an action for the recovery of damages resulting from an automobile accident allegedly attributable to the negligence of Ben C. Devall, in running over the leg of plaintiff’s 18 month old child upon leaving the driveway of plaintiff’s premises. Joined as a defendant with Devall is his liability insurance carrier, Liberty Mutual Insurance Company.
 

 The trial judge found for defendants, resolving in his written opinion that Devall was free from fault. However, on review by the Court of Appeal, First Circuit, the judgment was reversed and plaintiff awarded recovery against the defendants, in solido, in the sum of $3,000 for the injuries sustained by the child as well as $962.92, in reimbursement of expenses incurred by him for the child’s medication and treatment. See 96 So.2d 922.
 

 At the instance of defendants, we granted certiorari and the case has been submitted for our decision.
 

 The material facts are not seriously disputed and we find them to be as follows: The accident occurred on the afternoon of May 18, 1955, upon the private driveway of plaintiff’s premises located in West Baton Rouge Parish. Shortly prior thereto, Devall had driven past the Brown residence and, upon observing Mr. and Mrs. Brown, their three children, aged four years, three years and 18 months, and a Mr. Abbott, a friend of the family, in the front yard, brought his car to a stop immediately past the driveway and then backed into it
 
 *865
 
 for the purpose of discussing business with Mr. Brown. After backing a distance of some 40 feet, or approximately half-way between the public road and the house, Devall stopped and Brown came over to the right side of the car, where they engaged in conversation. Mrs. Brown followed her husband but remained slightly to his left, or toward the rear of the car. Mr. Abbott was a few feet behind Mr. and Mrs. Brown, listening to the conversation and also playing ball with the children, with his back to the car. The conversation between Brown and Devall lasted approximately 10 minutes and, just before it was concluded, Devall started his motor letting it idle while still engaged in conversation with Brown. About one minute thereafter, Devall started slowly forward and had proceeded no more than three feet when Mr. and Mrs. Brown shouted for him to stop, which he did immediately but too late, as the right front wheel of the automobile had already rolled on the baby who, unnoticed by anyone present, had waddled away from the safety of the lawn to a place directly under the front of the car where he could not be seen by Devall.
 

 In concluding that Devall was not negligent, the district judge stressed the fact that, since there were three adults present who were in a much better position to observe the actions of the children, he was entitled to assume that it was safe to proceed, as he received no warning from any of these persons that the child was in danger, and that he did not and could not know from his position in the automobile that the child had placed himself under the right front end of the car without being observed by his parents or Mr. Abbott.
 

 Conversely, the Court of Appeal, declaring that the law required Devall to use the highest degree of caution since he was aware of the presence of the three young children in the yard, resolved that it was imprudent for him to drive forward without taking some sort of additional precaution, suggesting that he should have either dismounted from his car and looked under the front or counted the children in sight or asked the other adults to check and see if the way was clear, and it concluded that, while Devall evidently assumed that the other adults would notify him of any present danger, he was without right to rely on them, it being incumbent on him to exercise extraordinary care in the operation of a vehicle when children were known to be in the vicinity.
 

 We think the Court of Appeal erred in that it imposed on Devall a higher standard of care than justified by the facts of the case. Liability for damages under Article 2315 of the Civil Code is founded upon fault and whether or not fault exists depends upon the facts and circumstances
 
 *867
 
 presented in each particular case. In determining fault, a common-sense test is to be applied — that is — how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances? The degree of care to be exercised must always be commensurate with the foreseeable dangers confronting the alleged wrongdoer. Hence, greater care should be exercised when a motorist encounters children, unaccompanied by adults, at or near his path of travel as he is charged with knowledge that a child is unable to appreciate impending danger, likely to be inattentive and might suddenly place himself in a position of peril. But, when children are accompanied by their parents or other adults, the degree of care diminishes because it is only reasonable for a prudent person to assume, in the absence of any indication to the contrary, that the parent or other person will guard against a childish impulse and give immediate warning of any sudden change in position which might place the child in peril. This is the rationale of Comer v. Travelers Ins. Co., 213 La. 176, 34 So.2d 511, 512, a case involving circumstances quite similar to this one. There, we concluded :
 

 “ * * * having last seen the child on the porch with his daughter, an adult of responsible age, in a place of safety, Rev. Dykes was justified in assuming, as a reasonable man, that if the child’s position were changed to a more perilous one, he would be warned by his daughter, and that since he had not been so warned it was safe for him to back up. Consequently, having no actual knowledge of the child’s previous position in the vicinity of his car, he used all of the care that could have been expected of an ordinarily prudent person.”
 

 The above quoted language controls this case. Devall had no reason to foresee that any one of the three young children of the Browns, who were presumably being watched over not only by their parents but by Mr. Abbott, would be permitted to stray unnoticed from the place of safety on the lawn where they were playing with Mr. Abbott to a position immediately under the right front end of the automobile and he was entitled to believe, as a reasonably prudent man, that, in case any one or more of them should disappear from sight or put themselves in a perilous position, he would be immediately warned by those having them in charge.
 

 The judgment of the Court of Appeal is reversed and it is ordered that the judgment of the district court be reinstated and affirmed. Plaintiff is to pay all costs.