SAMUEL, Judge.
This is an action by the father of a minor child to recover damages, including medical expenses, resulting from injuries sustained by the child when struck by defendant’s automobile. There was judgment in the trial court denying the claim for medical expenses and awarding $500.00 for the child’s injuries. Defendant has appealed. Plaintiff has answered the appeal seeking an increase in the award.
The evidence consists of the child’s record from Charity Hospital, that institution’s bill, and the testimony of four witnesses, the child’s parents, the defendant and a third party, a Mrs. Asberry. Only the latter two saw the accident; the father of the child was at work and the mother was inside her apartment at the time it occurred. The following facts are established by all of the evidence:
The litigants live in two apartments in a three apartment building located about 75 feet from the street. There is a shell driveway in the yard running to the building. Next to the building is a barber shop, not used as such at the time of the accident, in which a local church group was conducting a rummage sale. The injured child was 20 months old. On several prior occasions he had been playing in the yard and on the driveway and defendant had been required to stop his car until one of the boy’s parents or another person removed him from its path.
On the day of the accident defendant drove into the yard and stopped his car on the shell driveway just inside the gate, close to the barber shop and with its right side towards the shop. Mrs. Asberry, who was in charge of the church rummage sale and who was standing in the doorway of the barber shop, spoke to the defendant informing him that they had sold almost everything and offering to pay him for the use of the premises. Defendant turned his ignition key off, got out of the car, walked around the vehicle to the shop doorway and for several minutes talked to Mrs. Asberry, who remained in the doorway. Then defendant returned to the driver’s side of the car by again walking around the vehicle, got in and started the motor. There were no children to the front or back of the automobile.
As defendant started to back up someone shouted that the baby was under the car and defendant immediately stopped. But he had already backed a few feet, enough so that the child, who was underneath the car, had been struck by a front wheel. One of the other children in the ya,rd grasped the child’s legs and pulled him from under the automobile.
As a result of the accident the boy spent two weeks in Charity Hospital in New Orleans. He suffered a laceration of one eyelid, which required plastic surgery to repair, and lacerations of the forehead.
The child’s mother testified that on the day of the accident she had allowed him to play in the yard without supervision except by other children. Defendant’s testimony is that when he drove into the yard there were other children there, but only older children, twelve years or more of age, and he did not see the Bloodworth child at any time until after the accident had occurred. Mrs. Asberry testified that she had seen children playing in the yard and on the driveway during that day but none so small as to be “crawling” size. She could not remember whether she had seen any who were barely walking. She was still standing in the doorway of the shop when defendant walked around his car, got in and started the motor. At that time she did not see any children in close or dangerous proximity of the car. As the automobile started to move she saw a foot under the car but not sticking out or protruding therefrom. She screamed and the defendant immediately stopped. He had moved only several feet at, as she expressed it, “a snail’s pace.”
A motorist is under a high degree of care when he knows, or should know, *879 that small children are in the immediate ' vicinity, particularly where such children are not under the care of an older person! Burnaman v. La Prairie, La.App., 140 So. 2d 710; Jacoby v. Gallaher, 10 La.App. 42, 120 So. 888; see Brown v. Liberty Mutual Insurance Company, 234 La. 860, 101 So.2d 696; Comer v. Travelers Ins. Co., 213 La. 176, 34 So.2d 511.
Whether or not fatílt exists depends upon the facts and circumstances of "each particular case and the manner in which á reasonably prudent man would have acted under the same facts and circumstances is the test used in determining fault. The rule is succinctly expressed in Brown v. Liberty Mutual Insurance Company, 234 La. 860, 866, 101 So.2d 696, 698, as follows :
“We think the Court of Appeal erred in that it imposed on Devall a higher standard of care than justified by the facts of the case. Liability for damages under Article 2315 of the Civil Code is founded upon fault and whether or not fault exists depends upon the facts and circumstances presented in each particular case. In determining-fault, a common-sense test is to be applied — that is — how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances ? The degree of care to be exercised must always be commensurate with the foreseeable dangers confronting the alleged wrongdoer.”
In the instant cáse it is clear from all of the testimony that the little boy must have crawled under' the car while the defendant was talking to Mrs. Asberry. It is equally clear that the defendant made certain before starting his car that none of the children in the yard were in the front or the back of the vehicle or so close thereto as to be in danger. And in view of the testimony of Mrs'. Asberry, who was only a few feet away and who did hot know the child was under the car until she saw his foot just as the automobile started to move, defendant could not reasonably have seen the child without looking under the vehicle. The record does not justify a conclusion that the defendant knew, or should have known, that the Bloodworth boy, or any other very small child, was actually playing in the yard at the time he stopped to talk to the other witness or at the time he started to leave.
We are of the opinion that the defendant used all of thé ¿áre which could be reasonably expected of an ordinarily prudent person under the facts and circumstances here involved.
For the reasons assigned, the judgment appealed from is reversed and annulled and it is now ordered .that there be judgment in favor of the" defendant, Louis Hutchinson, and against the plaintiff, Whtt Bloodworth, dismissing said plaintiff’s suit; costs in both courts to be paid by the plaintiff.
Reversed and rendered.