CULPEPPER, Judge.
This is a suit for damages for personal injuries. Plaintiff, driving his farm tractor, was attempting to pull defendant Frank Gillis’s milk truck, which had become stuck in the mud on plaintiff’s farm, when the front end of the tractor reared up and the tractor overturned, pinning plaintiff beneath it. Plaintiff contends defendant’s truck driver was negligent in placing the truck either in reverse or creeper gear, thereby causing excessive drag and resulting in the tractor toppling over. Defendants deny any negligence on the part of the truck driver and alternatively aver contributory negligence on the part of the plaintiff as a bar to his recovery. The trial judge found the defendant’s truck driver free of negligence and pretermitted the issue of plaintiff’s contributory negligence. Plaintiff has appealed.
The facts show that on the date of the accident defendant’s truck driver and a helper went to plaintiff’s farm to pick up plaintiff’s milk cans for delivery to Blue Ribbon Dairies. When they started to leave, it was discovered that the truck was stuck in the mud. Plaintiff got his tractor and they hooked it to the truck with a chain. Plaintiff and the truck driver gave each other a “ready sign” and then plaintiff started pulling with his tractor. The truck *121 did not move. There is some dispute as to •whether the front of the tractor “hobbed up and down two or three times” but, in any event, the front end of the tractor finally reared up with the result that the machine overturned pinning plaintiff beneath it.
After plaintiff had been removed and taken to the hospital, the truck driver and his helper used a shovel to remove the mud from in front of the wheels, then placed boards in front of the wheels and, with the assistance of several men pushing, drove the truck out of the mud.
It is plaintiff’s contention that since the truck would not move when plaintiff attempted to pull it with his tractor, but it later moved with several men pushing, the conclusion must be drawn that the truck driver did something to prevent the truck from being pulled by the tractor. Plaintiff’s first hypothesis is that the driver must have put the truck in reverse gear, thereby making it impossible for the truck to move forward. We like the trial judge, must reject this contention. There is no evidence whatever that the truck was in reverse gear. On the contrary, both the driver and his helper testified that the truck was in low or creeper gear and that the wheels of the truck were spinning as the tractor attempted to pull.
Plaintiff’s second contention is that even if the truck was in creeper gear, this constitutes negligence on the part of the driver because he, as an experienced truck driver, should have known that the speed of a truck in creeper gear is much less than the speed of such a tractor, and would cause excessive drag. As the trial judge has pointed out, the first answer to this contention is that there is no evidence to prove the speed ratio of the respective gears of the two vehicles with relation to each other. As the lower court stated, “ * * * we are asked to apply a physical law without evidence of its applicability.”
We think also that particularly applicable here is the test for determining negligence set forth in the case of Brown v. Liberty Mutual Insurance Company, 234 La. 860, 101 So.2d 696 as follows:
“Liability for damages under Article 2315 of the Civil Code is founded upon fault and whether or not fault exists depends upon the facts and circumstances presented in each particular ease. In determining fault, a commonsense test is to be applied — that is— how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances? The degree of care to be exercised must always be commensurate with the foreseeable dangers confronting the alleged wrongdoer.”
There is no evidence in this case from which we can conclude that the truck driver did anything which a reasonably prudent man would not have done under the circumstances. The testimony shows that “creeper gear” was the lowest gear of the truck and was the one normally used for heavy pulling. Certainly the evidence does not show that the ordinary reasonable driver would not have put the truck in creeper gear to try to pull out of the mud. Furthermore, there is nothing in the evidence to show, as pointed out above, that the speed of the truck in creeper gear was less than that of the tractor or that the ordinary reasonable truck driver could or should have foreseen that the tractor driver would pull so hard or operate his machine in such a manner that the front end would rear up and cause the tractor to turn over.
We think the fact that the truck could be moved out of the mud after the accident is correctly explained by the trial judge in his written opinion as follows:
“The reasonable explanation of the matter, appearing from all the evidence, is that the truck, using its own power and assisted by the men who shoved it, was moved, after the tractor had failed to pull it, because sufficient traction was obtained by the subsequent digging around the wheels and placing of *122 boards beneath them, a very workable procedure as may well be recalled by anyone with a recollection of the days when getting- stuck in the mud was one of the frequent unpleasant experiences of the motorist.”
Having found no negligence on the part of the truck driver, it is unnecessary for us to consider the question of contributory negligence on the part of the plaintiff.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.