FRUGÉ, Judge.
Jimmy Hicks and his wife, Mrs. Billie Sue Hicks, instituted suit against defendants to recover for the personal injuries and property damage they sustained as a result of an automobile accident on Decern- *153 ber 8, 1963. This accident occurred on Louisiana Highway 9, 2.7 miles east of Campti, Louisiana, at approximately 12:30 A.M.
Answers were filed by Hartford Accident & Indemnity Company, the liability insurer of George L. Brown, and Commercial Standard Insurance Company, the liability insurer of Cleveland Lewis. No answer was filed by John Nelson or James Stringer, and a preliminary default was taken by the plaintiffs.
Defendants, in their answers, denied the ■existence of negligence on their assured and, in the alternative, they pleaded that the proximate cause of the accident was plaintiff’s own actions. Further in the alternative, defendants pleaded that plaintiffs were contributorily negligent in that they assumed the risk by which they were damaged.
The facts leading up to the collision are as follows: Defendant, George L. Brown, ■and his mother-in-law, Mrs. Irene Mc-Crory, were traveling east on Louisiana Highway 9. At this time they were looking for Eugene Olds and his wife, Mrs. Mc-Crory’s son-in-law and daughter. Mrs. McCrory had been keeping the Olds’ children and one of them became so ill that she felt it necessary to contact the parents. Proceeding in this direction, Brown passed the Olds vehicle going in the opposite direction. Wanting to overtake Olds, Brown attempted a U-turn on the highway. However, he was successful in only backing into a ditch, from which he was unable to free his car. The car was stuck in the ditch with the front bumper extending from six to ten inches onto the highway at a right angle.
A short time after becoming stuck in the ditch the Hicks vehicle, driven by Mrs. Hicks, stopped to assist Brown in removing his car from the ditch. Mr. Brown attempted to attach a two and a half foot chain from his front bumper to the rear bumper of the Hicks truck.
While these two vehicles were being attached, the Lewis vehicle came upon- the scene and stopped approximately even with the Hicks truck. Two to three minutes subsequent to the Lewis vehicle coming upon the scene, James Stringer, driving John Nelson’s automobile, struck the Hicks truck from the rear, causing the alleged personal injuries and property damage.
The lower court found that it was negligence of the grossest kind for the Flicks pickup truck to be stopped on the highway at night opposite or almost opposite the Lewis vehicle, creating such a situation as to cause a car approaching from its rear to collide with it.
Inasmuch as plaintiff’s suit is predicated on the negligence of the defendants and the defense thereto is a denial of negligence and, in the alternative, that the plaintiffs were the proximate causes of the accident or guilty of contributory negligence and assumption of risk, we deem it expedient to consider such pleas first, for if the facts disclose the existence of negligence or contributory negligence on the Hicks’ part, without which the accident could not have happened, it then becomes unnecessary to determine whether there was preliminary negligence on the part of any of the defendants.
The physical evidence shows that Louisiana Highway 9 is twenty feet wide with a shoulder of approximately one and a half to two feet at the site of the accident. The Brown vehicle, bogged down in the ditch, extended onto the highway from six to ten inches. The preponderance of the evidence indicates that the Hicks truck was backed up closely to the front of the Brown vehicle, mostly in the eastbound lane but partially angling over the center line approximately a foot into the westbound lane.
The Lewis vehicle drew up in the westbound lane. Lewis and his three passengers testified that he stopped because he was blinded by the brightness of the Hicks truck’s lights. He testified that he had *154 stopped there about three minutes before the • accident, Tr. 260, corroborating estimates of the Hicks to the same effect. Although Lewis testified he stopped 25-30 feet in front of the truck, the preponderance of the evidence, including the physical evidence found after the accident (such as where his unmoved vehicle was located) indicates that he stopped partly on the westbound shoulder when his vehicle was even with all or part of the Hicks truck, which was facing eastward mostly in the eastbound lane.
In the meantime, Stringer, driving with Nelson in the latter’s car, approached the scene at a speed of about 40-50 mph. Both Stringer and Nelson testify that until the instant of the impact they did not observe the Hicks truck ahead in their lane, with its taillights lit and facing them, because they were blinded by the bright headlights of the Lewis car facing them in the westbound lane. They claim that Stringer blinked from bright to dim several times as he approached, in an unsuccessful effort to alert the Lewis vehicle driver to dim his headlights.
Lewis, on the other hand, claimed that he himself blinked his own lights several times to alert the oncoming Stringer to dim his vehicle’s lights which were blinding Lewis, parked in the road facing him. The other witnesses (except the passengers in the Lewis car, in whose testimony there are several discrepancies) did not preponderantly corroborate which driver is correct.
The testimony does, however, indicate that all present watched the Stringer-Nelson vehicle approaching over the quarter mile of straight stretch towards the highway obstruction created by the almost adjacent Hicks and Lewis vehicles, without any effort to move any of the vehicles and without any meaningful effort to warn the oncoming car. (Hicks, standing immediately rear of his truck, did wave his hands until the continued approach of the oncoming Stringer-Nelson vehicle forced him to jump into the bed of the truck just prior to the impact, but he was not positioned at a place where he could be timely observed by a westbound motorist blinded by the Nelson lights.)
Whatever the negligence of any of the other parties, the Hicks’ own actions contributed to the creation of the greatly unreasonable hazard to oncoming traffic created by the complete obstruction of the entire highway, without adequate prior signal lights or other warning sufficient to alert traffic of the condition as it approached the scene, taking into consideration also the traffic-blinding effect of the Lewis headlights.
The plaintiffs argue that the lit taillights facing oncoming traffic with Hicks ready to flag it down were adequate warning at the time Hicks initially stopped (Eubanks v. Wilson, La.App. 3 Cir., 162 So.2d 842), and that the standard of care is somewhat relaxed as to rescuers (Lynch v. Fisher, La.App. 2 Cir., 41 So.2d 692). Assuming so arguendo, nevertheless, the plaintiffs Hicks were negligent in permitting and contributing to the highly dangerous situation created after Lewis had stopped and blocked the other lane of the highway also for an appreciable time with headlights burning, which resulted in the very accident so foreseeable from this hazardous and obscured (by blinding headlights) obstruction of the entire travelled portion of the highway without adequate warning to oncoming traffic.
Negligence is conduct which creates an unreasonable risk of foreseeable harm to others. Brown v. Liberty Mutual Ins. Co., 234 La. 860, 101 So.2d 696; Fontana v. State Farm Mutual Auto. Ins. Co., La.App. 3 Cir., 173 So.2d 284; Larned v. Wallace, La.App. 3 Cir., 146 So.2d 434; Restatement of Torts Second (1965), Section 284. The risk of foreseeable harm to others is unreasonable so as to be negligence, if the magnitude of the risk created outweighs the utility or social value of the conduct creating it; in this respect, con *155 sideration is given, inter alia, to the probability or extent of the harm to others threatened by the risk. Restatement of Torts Second (1965), Sections 291 — 293. See also Prosser on Torts, Section 31 (3d ed., 1964). A rescuer is not absolved when his efforts cause or contribute to unreasonable hazards to the safety of other users ■of the highway. One must see apparent dangers created by one’s own efforts and he is held to a standard of care dictated to a person of ordinary reasonable prudence by the surrounding facts and circumstances. Spinks v. General Fire & Casualty Co., La.App. 2 Cir., 175 So.2d 339, and cases cited.
The trial court correctly held that the plaintiffs Hicks’ recovery is barred by their contributory negligence in the creation of the foreseeable hazard which resulted in the injuries sustained by them. Accordingly, we affirm at their cost the trial court judgment dismissing their suit.
Affirmed.