HOOD, Judge.
This is a tort action instituted by Russell C. Barnes, individually and as administrator of the estate of his minor daughter, Kimberly Kay Barnes, to recover damages for personal injuries sustained by plaintiff’s daughter when an automobile being operated by Pertis G. Belgard backed partially over her. The suit was instituted against Belgard and his insurer, State Farm Mutual Automobile Insurance Company. Judgment was rendered by the trial court in favor of defendants, and plaintiff has appealed.
The principal issue presented is whether defendant Belgard was negligent in having failed to see plaintiff’s child near the rear automobile immediately prior to the time he caused the car to move backwards.
The accident occurred about 4:30 p. m. on August 14, 1967, on the private driveway of the Belgard residence, in Tioga, Louisiana. The residence faces north on Shreveport Highway, and the driveway on which the accident occurred runs perpendicular to the highway, along the east side of and close to the house. Immediately prior to the time the accident occurred Belgard’s car was parked in that driveway, facing south or away from the street, and the rear of the car was almost even with the front of the house.
Shortly before the child was injured, Belgard was in the living room of his home with his wife, his 17-year old son, Oscar, his 18-year old niece, and his three-year old granddaughter, Kimberly Kay Barnes. His 92-year old father, whose vision is somewhat impaired, was sitting on the screened-in front porch. Belgard decided to wash his automobile, and he sent his son Oscar to the rear of the house to get a water hose. The son thereupon went out the back door to get the hose, and Belgard went out the front door of the house, his purpose being to back his automobile up several feet and place it nearer a water hydrant.
When Belgard left the living room of his home, his little granddaughter, Kimberly, remained in the house with Mrs. Belgard and defendant’s niece. After exiting from the front door, Belgard walked across the screened porch, down the front steps of the house, and across the lawn to his automobile. About the time he reached his automobile, his son Oscar emerged from the rear of the house with the water hose, and Oscar then walked toward the front yard, by the left or driver’s side of the car. Belgard started the motor of his car when his son reached a point about even with the driver’s seat. Oscar continued to walk by the car, however, and he reached a *442 point about a foot or two behind and near the left rear fender of that vehicle when his father began backing it up.
The child, Kimberly, left the house by way of the front door about the time Bel-gard started the motor of his car. She walked across the screened-in porch, descended the front steps, crossed the lawn, and walked toward the rear of the automobile. After Belgard had backed his car up slowly from two to four feet, the right rear wheel of the car struck Kimberly and partially ran over her. The car was brought to a stop immediately after it struck the child.
Defendant Belgard testified that as he walked from the house to his automobile he observed that no one was in the yard or in the driveway at that time. He stated that he started “easing back” about the time Oscar walked by his automobile, that he felt the car strike something after he had moved backwards three or four feet, and that he stopped immediately thereafter. He heard Oscar call a warning to him about the time he felt the car strike something, but he stated that he had already felt the car bump and had stopped by the time he heard his son call. He did not know that the child left the house after he did, and he did not see her on the lawn at any time before the accident occurred. He was aware of the fact that Oscar was standing behind and slightly to the left of the vehicle when he started backing it.
Oscar Belgard testified that when he reached a point near the driver’s seat of his father’s car, he heard the front screen door of the house slam and he saw Kimberly exit from the house and start across the lawn toward the car. He stated that he continued to observe the child as she traversed the lawn, and that shortly before Kimberly reached the automobile he looked at his father and determined that the latter had not seen the child. He then called to his father to stop, but that the car struck the child and then came to an immediate stop at about the instant he gave that warning.
Other evidence presented at the trial shows that the Belgard home is in a semi-rural area. It is located on spacious grounds and there are no other residences “real close” to it. The evidence does not show that there were any other children in that area. Mrs. Belgard and the child’s mother testified that Kimberly was free to go in and out of the house as she pleased, that she liked to ride in automobiles, and that she frequently went to cars when she heard their motors start with the expectation of getting a ride or a treat of some kind.
 The law is settled that a motorist is not an insurer of the safety of small children. It is not negligence to back a vehicle, but in so doing the driver generally is charged with the duty of exercising ordinary care to see that the maneuver will not injure the person or property of others. George v. Shreveport Transit Company, 136 So.2d 711 (La.App. 2 Cir. 1962); Schmeltzer v. New York Fire & Marine Underwriters, Inc., 215 So.2d 133 (La.App. 3 Cir. 1968); O’Neal v. Allstate Insurance Company, 206 So.2d 811 (La.App. 3 Cir. 1968); and Valentine v. J. D. Marcom Service and Supply Company, 128 So.2d 218 (La.App. 2 Cir. 1961).
A different rule applies when the motorist sees or should see that children are near his path of travel. If a driver sees or has reason to anticipate that a child might be near his automobile, he is required to exercise a high degree of care to see that the way is clear before starting the vehicle into motion. The duty to exercise greater than ordinary care to avoid injury to a child does not come into existence, however, until the presence of the child is known or should have been known to the driver of the motor vehicle. If the motorist had no reason to anticipate the presence of children near his car, he will not be held to have been negligent merely because he caused his vehicle to move and a child was struck by it. Comer v. Travelers Ins. Co., 213 La. 176, 34 So.2d 511; Davis v. Guillot, 203 So.2d 919 (La.App. 4 Cir. 1967); *443 Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 2A, Sec. 1509; Danos v. Central National Insurance Co. of Omaha, 211 So.2d 106 (La.App. 1 Cir. 1968); Wilson v. Aetna Casualty & Surety Company, 180 So.2d 218 (La.App. 2 Cir. 1965); Burnaman v. La Prairie, 140 So.2d 710 (La.App. 3 Cir. 1962); Kimball v. Southern Farm Bureau Casualty Ins. Co., 161 So.2d 307 (La.App. 3 Cir. 1964); and Campo v. Vampran, 183 So.2d 57 (La.App. 1 Cir. 1966).
Whether or not fault exists depends upon the facts and circumstances of each particular case, and the manner in which a reasonably prudent man would have acted under the same facts and circumstances is the test used in determining fault. Brown v. Liberty Mutual Insurance Company, 234 La. 860, 101 So.2d 696 (1958); Bloodworth v. Hutchinson, 150 So.2d 877 (La.App. 4 Cir. 1963).
In the instant suit the trial judge concluded that defendant Belgard had exercised the degree of care required of him and that he thus was free from negligence for two reasons: “(1) He had no reason to believe that Kimberly was there, she having been left in the home with the adult relatives ; (2) his son, Oscar, was at the rear of his car and could have seen the child (and actually did) and warned Belgard if anyone was in danger.” We agree with that conclusion.
The issues in the instant suit are similar to those which were presented in Comer v. Travelers Ins. Co., supra; Brown v. Liberty Mutual Insurance Company, supra; Bloodworth v. Hutchinson, supra; and in Davis v. Guillot, supra. In each of those cases the court rejected plaintiff’s demands for damages. In the Comer case, where the facts were almost identical to those presented here, our Supreme Court said:
“We think the evidence clearly shows the child followed Rev. Dykes on to the porch and that she was still there when he left the porch and not in the yard when he entered his car. And in our opinion it is immaterial for a decision in this case whether his daughter screamed just prior to the accident, * * * for under the circumstances, having last seen the child on the porch with his daughter, an adult of responsible age, in a place of safety, Rev. Dykes was justified in assuming as a reasonable man, that if the child’s position was changed to a more perilous one, he would be warned by his daughter, and that since he had not been so warned it was safe for him to back up. Consequently, having no actual knowledge of the child’s perilous position in the vicinity of his car, he used all of care that could have been expected of an ordinarily prudent person.”
In Brown v. Liberty Mutual Insurance Company, supra, the same court stated:
“ * * * But, when children are accompanied by their parents or other adults, the degree of care diminishes because it is only reasonable for a prudent person to assume, in the absence of any indication to the contrary, that the parent or other person will guard against a childish impulse and give immediate warning of any sudden change in position which might place the child in peril.”
“ * * * Devall had no reason to foresee that any one of the three young children of the Browns, who were presumably being watched over not only by their parents but by Mr. Abbott, would be permitted to stray unnoticed from the-place of safety on the lawn where they were playing with Mr. Abbott to a position immediately under the right front end of the automobile and he was entitled to believe, as a reasonably prudent man, that, in case any one or more of them should disappear from sight or put themselves in a perilous position, he would be immediately warned by those having them in charge.”
The record in the instant suit does not justify a conclusion that defendant Bel-gard knew, or should have known, that plaintiff’s child, Kimberly Kay Barnes, or *444 any other child, was in the yard or driveway at the time he caused his automobile to start to move backwards. The defendant had last seen the child in the house with his wife and niece, both of whom were adults of responsible age, and he was justified in assuming that he would be warned by them if the child’s position changed to a more perilous one. Also, Belgard’s son was standing near the rear of the car as Belgard started to move it, and we think defendant also had the right to assume that he would be timely warned by his son if the movement of the car was apt to cause injury to anyone. We agree with the trial judge that defendant Belgard exercised the degree of care which was required of him under the circumstances, and that he thus was free from negligence.
Our conclusion is that there is no error in the judgment rendered by the trial court rejecting plaintiff’s demands.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.