SWIFT, Judge.
This is an action by the father of a minor child to recover damages allegedly sustained by his daughter and by him as a result of the child being run over by a truck operated by the defendant’s insured. After a trial on the merits judgment was rendered in favor of defendant. Plaintiff has appealed.
The record reveals that Hayes J. Doman-gue, an itinerant salesman of fruit and vegetables, had done business for some time with the Ruven J. St. Pierre family at Grand Isle, Louisiana. On August 27, 1964, Mr. Domangue drove his truck onto the St. Pierres’ shell driveway, stopped the vehicle and sounded its horn. Miss Sylvia Bourgeois, the baby sitter for Mrs. St. Pierre, came out of the front door of the house and at least two young St. Pierre children approached the truck from the rear of the residence. They got together with Mr. Domangue on the left side of the truck. Miss Bourgeois possibly made a purchase, and the driver gave the children some fruit. Thereafter Miss Bourgeois walked toward the front door of the house and the children walked toward its back porch. Mr. Domangue watched the children proceed toward the house, started the engine, checked all three rear view mirrors and began to back very slowly out of the driveway. The truck had traveled only a short distance when Mr. Domangue heard a “yell”. He descended from the truck and discovered Melanie St. Pierre, the plaintiff’s two year old daughter, beneath the left rear wheel of the truck.
There was a sharp conflict in the testimony as to whether or not the child was in a position where she should have been seen by Mr. Domangue prior to the accident. Miss Bourgeois testified that Melanie had accompanied the other children from the back of the house. Mr. Doman-gue testified that Melanie was not with the other St. Pierre children when they came to his truck; that when he inquired about Melanie, Miss Bourgeois said she was in the house with the baby.
The trial judge accepted Mr. Domangue’s version of the accident, stating that if Miss Bourgeois’ account was accurate he was unable to see how the child could have gotten from her safe position in front of the truck to its rear at the time she was struck.
We agree with the trial court’s findings and conclusions.
*810 In oral argument before this court, plaintiff’s attorney forcefully argued that because Mr. Domangue’s custom was to present children with gifts of fruit, he should have anticipated the child’s presence, and even though Mr. Domangue did not actually see the child he should have seen her and is bound, as a matter of law, to have seen her.
A motorist is under a high degree of care when he knows or should know that small children are in the area. Bloodworth v. Hutchinson, La.App., 150 So.2d 877. However, fault is a prerequisite of liability, and as stated by the Supreme Court in Brown v. Liberty Mut. Ins. Co., 234 La. 860, 101 So.2d 696, 698, “whether or not fault exists depends upon the facts and circumstances presented in each particular case. In determining fault, a common-sense test is to be applied — that is— how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances? The degree of care to be exercised must always be commensurate with the foreseeable dangers confronting the alleged wrongdoer.”
Mr. Domangue testified that because of his method of operation he had installed special mirrors which enabled him to clearly see both sides of the truck; that he not only checked both mirrors to make sure the path was clear but he also walked around the side and rear of the truck prior to mounting the cab. It is therefore clear the driver took every reasonable precaution before starting his vehicle to determine that there were no children in its path. The testimony of Miss Bourgeois indicates she did not know the child was under the truck until she heard her scream. This is additional support for Mr. Doman-gue’s position that he could not reasonably have seen the child without looking under the vehicle.
We are of the opinion that Mr. Do-mangue used all of the care of a reasonably prudent man under the circumstances. Bloodworth v. Hutchinson, supra.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.