PRICE, Judge.
This is a tort action brought by Grover E. Murphy, the father of six-year old Barry Murphy, for damages allegedly resulting from a collision between the child, a pedestrian, and a pickup truck driven by Everett Ray Head, on Suntan Street in the City of Shreveport, Louisiana, on October 27, 1966. The defendants named in the petition are Head and his liability insurer, Aetna Casualty and Surety Company.
The facts, as we understand them from our study of the record, are substantially as follows:
The accident happened about 5:30 o’clock, P. M. on the opposite side of the street from the Murphy family residence in the 7200 Block of Suntan Street. This street runs north and south and the pavement measures 24 feet from curb to curb in this block. The Murphy home is situated on the east side of the street directly opposite the home of Louis Pullen on the west side. A pickup truck belonging to Pullen was parked facing south along the curb in front of his home. Barry Murphy and a younger brother were standing near the curb in the Murphy yard watching several older children play in the street just prior to the accident. Someone called attention to the cars approaching and the children left the street to go into the Pul-len yard. An older brother of Barry, Gary Wayne Murphy, came over to where Barry and the younger child were standing and carried them both across the street into the Pullen yard. These children were apparently standing in such a position that they were hidden from view of traffic coming from the north by the parked pickup truck. About this time the pickup truck driven by Head approached from the north as an automobile driven by Jasper A. Lively approached from the south. As the parked truck was partially blocking the lane of travel for Head’s vehicle, he slowed to give the right-of-way to the approaching car driven by Lively. As the Lively car’s front bumper was about even with the rear bumper of the parked truck, Head determined that sufficient space had been given by the other driver for him to proceed to pass the Pullen truck. He pulled in between the parked vehicle and the Jasper automobile at a speed of between ten and fifteen miles per hours. Just as the front of his vehicle passed the front of the Pullen truck, Barry Murphy appeared in his lane of travel from in front of the parked truck and collided with the front right fender.
Although the evidence is somewhat contradictory as to the exact course followed by Barry prior to his collision with the truck, we believe the evidence supports the *785 version accepted by the district judge which is substantially as follows:
Young Barry was standing near the west curb a short distance south of the front of the Pullen truck after being taken across the street by his older brother. He recognized the driver of the automobile approaching from the south as his uncle, Mr. Lively. As this car came abreast of his position he yelled and waved at his uncle and began running at an angle in the street toward the front of the parked truck. The Head truck was at this time passing the Pullen truck and young Barry hit the right front fender a glancing blow with his right leg. The point of collision was approximately six feet in front of the Púllen truck.
The trial judge in his reasons for rejecting the demands of plaintiff, relied on the principles of law set forth in the case of Herrin v. Southern Farm Bureau Casualty Insurance Co., La.App., 3d Cir., 1969, 217 So.2d 696, on the duty of care owed by a motorist to children of tender years. The rule set forth in the Herrin case is as follows:
“The law in cases of this type is well defined to the effect that:
“ ‘* * * a motorist who sees or should see children near the roadside, must exercise a high degree of care in view of the propensity of young children to dart or run into the street, heedless of their own safety. This rule implies that when a motorist sees or should see a child near the roadside, he must anticipate that the child might suddenly dart into the street. Consequently the motorist must bring his vehicle under such control that he can avoid injuring the child, notwithstanding its youthful indiscretion. * * * On the other hand, a motorist is not an insurer of the safety of children playing near the street. If the motorist is proceeding at a lawful and reasonable speed and obeying all of the rules of the road as to proper lookout, etc., he will not be held liable where a child suddenly darts or runs into his path from a concealed position in such a manner that the motorist is unable to avoid striking the child * * *’ ” (page 699).
On this appeal the appellant takes exception to the applicability of the foregoing rule to the facts of this case. It is urged that in the Herrin case the accused motorist had no knowledge of any facts which would have placed him on notice that a child might be in a place of concealment. Whereas, Head saw the children cross the street prior to the time he reached the scene of the accident and should have been aware that a child might be lurking in a place of concealment in front of the parked truck. Appellant argues that Head was negligent in attempting to pass the parked truck at a time when an oncoming vehicle was simultaneously passing the parked vehicle with knowledge of facts which should put him on notice that a child might be in concealment on the opposite end of the parked vehicle. It is contended that although his speed may have been reasonable, that the passing of the parked vehicle in these circumstances, with a clearance of only two feet, restricted his ability to take proper evasive action, and this constitutes not having the vehicle under proper control to avoid an accident under unexpected circumstances.
Appellant contends that the cases involving injury to a young child by a motorist generally fall into two categories: (1) the situation where a motorist sees, or should have seen, the presence of children close to the street and must exercise the degree of control to avoid an accident under any circumstances should a child unexpectedly dart into his path; and (2) the so-called “dart out” cases where the child comes from a place of concealment suddenly into the path of the motorist who has had no reason to expect the presence of a child at the time.
In the first situation recovery is usually allowed if an accident occurs. However, *786 in the second situation no liability attaches if the motorist is using ordinary care in the operation of his vehicle.
Appellant further contends that this case was decided by the trial judge by placing it in the category of the so-called “dart out” cases, and that the facts here justify the application of the rule requiring the same degree of care that a motorist must use where he sees the child standing on the edge of the street.
We do not find it appropriate to arbitrarily attempt to place the case in either category.
We think our brethren of the Fourth Circuit have very concisely stated the simplest and most logical test for a resolution of a case of this type. We take the liberty of quoting their language in the case of St. Pierre v. Connecticut Fire Insurance Co., La.App., 4th Cir., 1970, 232 So.2d 808, as follows:
“A motorist is under a high degree of care when he knows or should know that small children are in the area. Bloodworth v. Hutchinson, La.App., 150 So.2d 877. However, fault is a prerequisite of liability, and as stated by the Supreme Court in Brown v. Liberty Mut. Ins. Co., 234 La. 860, 101 So.2d 696, 698, ‘whether or not fault exists depends upon the facts and circumstances presented in each particular case. In determining fault, a common-sense test is to be applied — that is — how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances? The degree of care to be exercised must always be commensurate with the foreseeable dangers confronting the alleged wrongdoer.’” (p. 810)
The testimony of Head discloses that he had seen children cross the street when he was some distance north of the scene of the accident. He did not see them thereafter as it became necessary that he keep a close watchout ahead to pass the oncoming car and parked truck. At most, it could only be said that he knew that there were children in the general area. The evidence is clear that he could not have seen Barry any sooner because of the parked truck. His speed was found to be such that he had the ability to and did stop almost instantaneously upon knowledge of the presence of the child.
We are of the opinion that it is highly speculative and remote to say that he could have avoided the accident had he waited to pass the parked truck until the oncoming car had completely passed so that he would have had more space for evasive action. There is no showing that he would have had time to have cut his vehicle to his left to have avoided Barry colliding with his vehicle. Nor could we find from the evidence that he would have been more able to have seen the child any sooner and have avoided the accident.
We are further of the opinion that the care exercised by Head was commensurate with that of a reasonably prudent driver under the circumstances that existed at the time of this accident.
The judgment appealed from is affirmed at appellant’s cost.