HALL, Judge.
This is a suit by Mrs. Pearlene Moran for damages on her own behalf and on behalf of her minor son, Kenneth Ray Moran, five years of age, who suffered injuries when he was struck by a car driven by Mrs. Jeffrie D. Puckett. Made defendants are Mrs. Puckett and her insurer, Allstate Insurance Company. The accident occurred as Kenneth attempted to cross Ren-wick Street in Monroe at approximately 12:40 p. m. on December 4, 1968. From a judgment rejecting plaintiff’s demands, plaintiff appeals.
The trial judge’s reasons for judgment contain a careful and detailed analysis of the conflicting testimony. It was established that Mrs. Puckett, a high school teacher, was proceeding west along Ren-wick Street; that Kenneth had been to a cafe on the south side of Renwick, obtained some soft drinks and was returning toward his home north of Renwick; that Kenneth ran across the street from south to north; that Mrs. Puckett applied her brakes and skidded twelve feet; and that when her car stopped she was on the extreme north or right hand side of the street and her left front wheel was against or on Kenneth’s right leg. Otherwise, as stated by the trial judge, the facts are in sharp dispute and the testimony of witnesses is conflicting, contradictory and of debatable credibility.
Plaintiff presented the testimony of three persons who allegedly witnessed the accident. James Henderson testified he was traveling west on Renwick Street intending to turn right onto a street past the grocery store in front of which the accident occurred. He stated that he did not meet any eastbound vehicles and could see Kenneth and his younger sister standing on the shoulder on the south side of Renwick. He did not see the accident and his attention was directed to it when he heard tires squealing, bottles breaking and Kenneth crying. The witness estimated Mrs. Puckett’s speed at about thirty miles per hour but it was brought out that he did not know she was behind him until he was preparing to turn and observed her car only an instant in his rear view mirror. The trial judge found that his testimony as to speed was of no value, that the only probative facts presented by him were the absence of eastbound traffic and the visibility of Kenneth on the shoulder, and that doubt was cast on his entire testimony by the fact that he was a neighbor and close friend of plaintiff and because of other discrepancies in his testimony.
Jake Hollins and Charlie McFarland testified they were walking along Renwick east of a bridge a substantial distance from the point of the accident when Mrs. Puckett passed them at a speed estimated by them to be thirty-five to forty miles per hour. Both testified that they saw Kenneth standing on the south side of Renwick as if he were about to cross and that there was a small girl with him. Both denied seeing any eastbound traffic or other impediment to vision. Both testified that Kenneth ran suddenly across the street and came in contact with the automobile. Neither observed the Henderson automobile traveling in front of Mrs. Puckett. Both testified that by the time they got to the scene of the accident the injured boy had been placed in the Puckett automobile and it had left the scene and, consequently, they did not identify themselves as witnesses at the scene of the accident. Hol-lins testified that he was doing some *695 plumbing work at plaintiff’s home several months later when he learned that her son was injured in the accident he had witnessed and he then identified himself and McFarland as witnesses. The trial judge found that these unusual circumstances raised a question in the court’s mind and that other evidence given by these witnesses created considerable doubt as to what they actually saw if in fact they were present.
Defendants offered the testimony of Mrs. Puckett, John Frank Thomas and the investigating police officer. Mrs. Puckett testified she had been traveling about fifteen to twenty miles per hour; that as she approached the scene of the accident she met one or two eastbound vehicles; that after the last eastbound vehicle cleared she saw Kenneth (alone) for the first time on the south edge of the pavement making his first motion toward running into the street; that she was then about twenty to twenty-five feet east of him; that she applied her brakes and cut to the right; and that as she stopped she felt nothing but heard glass breaking and then heard Kenneth cry.
Thomas testified he was sitting near a picture window in the front of the grocery store on the north side of Renwick. He had seen Kenneth cross the street from the north earlier and go into the cafe and emerge later with the soft drinks in his hand. He testified that Kenneth stood a moment at the shoulder and then ran into the street. At that moment the defendant’s car came into his view from his left and the accident occurred. He did not see a little girl with the boy and also testified that no other vehicles passed in either direction. He testified that Mrs. Puckett was not speeding, that her speed was normal, that she applied her brakes, slowed down and then started up again. Although conflicting in some respects, the testimony of this witness lends support to that of Mrs. Puckett.
The police officer, Larry J. Cummings, testified as to the physical facts revealed by his investigation. The most significant part of his testimony was that Mrs. Puckett’s automobile left twelve feet of skid-marks up to the point of impact. The officer also testified that he talked to Kenneth in the hospital and that Kenneth said he waited for two or three cars to pass coming from his left and then he ran across the street and never looked back to the right and never saw the car that hit him.
The trial judge found, and we agree, that the testimony cannot be reconciled by any process of analysis. It is clear from all of the evidence that Kenneth suddenly darted into the street and ran into, or into the' path of the Puckett car. The car was very nearly stopped when this contact occurred and the short skidmarks belie any contention of substantial speed.
The trial judge found that the evidence as a whole failed to convince the court that Mrs. Puckett violated any legal duty of care. We concur in this finding. The trial judge observed and heard the witnesses and his opinion as to their credibility and reliability is entited to great weight.
Plaintiff argues that the trial court erred in stating the applicable principles of law involved. The district court held that “a heavy duty rests upon a driver who is in an area where he knows young children are frequently present and where he sees or should see them actually present in positions of potential danger in or near the street”. Plaintiff argues that the jurisprudence has established the rule that when a driver sees, or should see, children of tender years in close proximity to the highway, his duty is to take whatever steps are necessary in the circumstances to avoid any accident resulting from the child’s expected or unexpected action. Plaintiff cites Doyle v. Nelson, 11 So.2d 645 (La.App.2nd Cir. 1942); Cimo v. Karstendiek, 173 So. 548 (La.App.Orl. Cir. 1937); Stamps v. Henderson, 25 So.2d 305 (La.App.2nd Cir. 1946); Haywood v. Fidelity *696 Mutual Insurance Company of Indianapolis, Indiana, 47 So.2d 59 (La.App.1st Cir. 1950); and other cases. The trial judge’s statement of the law is consistent with the rule established by the cases cited by plaintiff, which rule imposes a high degree of care upon a motorist but does not go so far as to impose liability without fault where small children are involved.
In spite of the heavy duty resting on a motorist in a case such as this, plaintiff still has the burden of proof and must show negligence or fault on the part of the motorist. The degree of care to be exercised must always be commensurate with the foreseeable dangers confronting the alleged wrong-doer. Murphy v. Head, 240 So.2d 783 (La.App.2nd Cir. 1970). In this case plaintiff has failed to meet the burden of proof and specifically has failed to prove that the defendant Mrs. Puckett was driving too fast or was failing to keep a proper lookout or failed to take proper and necessary precautions under the circumstances.
For the reasons assigned, the judgment of the district court is affirmed.
Affirmed.