SAVOY, Judge.
This is a suit for damages ex delicto arising when Chris Allen Lee, minor child of plaintiff, Alfred Lee, while riding a bicycle, was struck by an automobile owned by defendant and driven by defendant’s minor son, Howard Willis.
The facts, as reflected in the record, reveal that plaintiff’s six-year-old minor son, Chris Lee, was riding his bicycle north on Dutel Street in Abbeville, Louisiana, at approximately 3:15 P.M. on July 6, 1969, when he was struck at the intersection of Dutel and Vernon Streets by an automobile driven by Howard Willis. As a result of the accident, the child suffered a compound fracture of his large right toe, which was subsequently amputated, together with other less serious injuries. At the time of the accident, Howard Willis was driving west on Vernon Street. The accident occurred on a clear dry day in a residential section of Abbeville, Louisiana.
Suit was instituted by plaintiff individually and as the administrator of the estate of his minor child against defendants, Rosa Mae Willis, individually, and as tutrix of her minor son, Howard Willis. After a trial on the merits, judgment was rendered in favor of the plaintiff individually for $60.00, and as administrator of the estate of his minor son, Chris Lee, for $5,000.00 against Rosa Mae Willis individually and as the tutrix of her minor son, Howard Willis.
Defendants have appealed contending that the trial court erred in finding that the accident occurred due to the fault and negligence of defendant, Howard Willis, and in concluding that the injuries of the plaintiff justified an award of $5,060.00.
In determining fault, the test to be applied is how would a reasonably prudent man have acted, or what precautions would he have taken if faced with similar conditions and circumstances. However, even greater care should be exercised when a motorist encounters children unaccompanied by an adult, at or near his path of travel, and he is charged with knowledge that a child is unable to appreciate impending danger, likely to be inattentive and might suddenly place himself in a position of peril. Brown v. Liberty Mutual Ins. Co., 234 La. 860, 101 So.2d 696.
The testimony of defendant driver establishes that he saw Chris Lee prior to the collision. In a statement to the investigating officer immediately after the accident, Willis admitted seeing Chris Lee approaching the intersection, but he did not slow down because he thought the child would stop at the stop sign located on Du-tel Street. We feel that this evidence, combined with the fact that the automobile left skid marks of 96 feet in the 25 mile per hour speed zone, supports the finding of negligence of the defendant driver of the vehicle.
Defendants complain that the award of $5,060.00 is excessive, and that they are destitute and unable to pay such a high award.
The record shows that Chris Lee sustained a compound fracture of the right large toe, which toe was later amputated. As a result of the amputation, Chris Lee has to wear a special shoe and may have to continue this for some time in the future. Although the award of the trial court appears high, because of defendants’ inability to respond in damages, we are unable to say that the trial court abused the discretion granted to it.
For the reasons assigned, the judgment appealed from is affirmed at defendants’ costs.
Affirmed.