PRICE, Judge.
In this tort action the plaintiff, J. C. Vernon, seeks to recover damages for personal injuries sustained in an accident which occurred in the K-Mart store in Monroe on May 12, 1971. The defendant, Allstate Insurance Company, was the general liability insurer of the K-Mart store at the time of the accident.
Plaintiff alleges that his injuries were caused by the negligence of a K-Mart employee. The trial court held that the K-Mart employee was not negligent and rendered judgment in favor of the defendant. From this adverse judgment, the plaintiff has perfected this appeal, assigning as error the failure of the trial court to find the injury was caused by the negligence of K-Mart’s employee.
We affirm the judgment appealed from.
This accident occurred in the produce preparation area in the rear of the K-Mart store, an area not intended for use of customers or the general public. On the day of this accident plaintiff was assisting a local tomato dealer in the delivery of a quantity of tomatoes to the store. While waiting for the dealer to receive authorization for payment of his merchandise, plaintiff was conversing with a K-Mart employee engaged in preparing produce. Plaintiff was standing in such a position that he partially blocked an aisle used for ingress into the main sector of the store by employees going to and from the storage area in the rear. An employee pulling a four-wheel mop bucket dolly toward the shopping area was unable to pass through the aisle because of plaintiff. Since plaintiff was turned toward the front of the store and unaware that he was blocking passage, the employee attempted to attract his attention by saying “Please excuse me” as he approached plaintiff from the rear. This request having been insufficient to attract plaintiff's attention, the employee tapped plaintiff on the left shoulder and again repeated the same request. Plaintiff instantly stepped backward a couple of steps and tripped over the rear portion of the mop bucket dolly, causing him to sustain the injuries for which he seeks recovery herein.
In his petition plaintiff alleged he was injured because of the employee negligently running into him with a merchandise dolly and knocking him to the floor. On trial of the case, the K-Mart employees who witnessed the accident testified plaintiff backed over the mop bucket dolly rather than it having been pushed into him. The trial court in reasons for judgment found the accident occurred not in the manner contended by plaintiff but to the contrary was caused by the plaintiff taking several steps backward and tripping over the cart. The court rejected plaintiff’s demands, having found no negligence on the part of the K-Mart employee.
On this appeal plaintiff accepts the finding of fact of the trial judge that the cart was not pushed into him causing his fall. He asserts that even under the version of the incident as found by the trial judge, the K-Mart employee was negligent in pulling the cart directly behind him and then asking him to move, knowing he had no other direction to proceed other than *330 backwards, thus setting a trap reasonably expected to cause injury. This position is postulated on the contention of plaintiff that the only direction of movement open to him was to his rear. Defendants deny this to be correct.
The trial judge, on the basis of the testimony of the two K-Mart employees present at the accident, Benny Bryan, the employee washing lettuce at whose side plaintiff was standing, and Howard Daley, who was pulling the cart, found there was ample room for plaintiff to have moved forward rather than proceeding backward without turning around to see what was wanted of him.
This finding of fact by the trial judge is amply supported by the evidence in the record and we accept it as being correct.
Therefore, the sole issue to be resolved on this appeal is whether the actions of K-Mart’s employee under the circumstances constituted negligence.
Under La.C.C. Art. 2315, liability for damages is founded upon fault. Whether or not fault exists depends upon the facts and circumstances presented in each particular case. A common sense test is to be applied in determining the question of fault. The test is how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar circumstances and conditions. The degree of care to be exercised must always be commensurate with the foreseeable dangers confronting the alleged wrong-doer. Brown v. Liberty Mutual Insurance Co., 234 La. 860, 101 So.2d 696 (1958); Wiley v. Sutphin, 108 So.2d 256 (La.App.2d Cir. 1958).
We agree with the trial court’s finding that the K-Mart employee was not negligent. We think that he acted as any reasonable man would have under the circumstances. He exercised due care by politely requesting the plaintiff to move out of his way. He could not reasonably have expected plaintiff would instantly move backward without first looking around, particularly where there was room to move forward.
We do not find it necessary to discuss the legal status of plaintiff on the premises (whether licensee or invitee) as injected by both parties in arguments in brief, as an absence of negligence on the part of the K-Mart employee precludes recovery by plaintiff even if he was accorded the status of an invitee.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.
Affirmed.