BLANCHE, Judge.
Plaintiff-appellant, Mary Caillouet Galli-ano, an employee of Quick Service Stores, Inc., of Houma, Louisiana, was injured while working at their establishment known as “Shop-N-Bag No. 5” and brought suit for her personal injuries. Plaintiff-appellant, Michael Galliano, is the husband of Mary Galliano and brings suit for medical expenses incurred by him as a result of his wife’s injuries.
The defendants-appellees are Paul Lir-ette and Ronald Bergeron, who were supervisory employees at Quick Service Stores. They were insured by defendant-appellee, Hartford Insurance Company, who admitted coverage but denied liability.
Mrs. Galliano was injured when she fell from a ladder while attempting to stock beer inside of a cooler. In order to reach the top shelf of the cooler where she was stacking the beer, she utilized a stepladder which was located in the cooler. She had placed two cases of beer on top of the ladder and was commencing to place the beer, which was packaged six to a pack, inside of the cooler when the cases of beer fell toward her while she was standing on the ladder, knocking her to the floor. She severely injured both knees.
Plaintiffs contend that the ladder was defective and supposedly that these defendants knew or should have known that Mrs. Galliano was using a defective ladder to stock beer in the cooler. However, there is no evidence to show that these defendants knew that the ladder was *379 defective or, for that matter, knew how Mrs. Galliano stocked beer in the cooler. Nevertheless, both parties called expert witnesses to testify concerning the condition of the ladder. Our review of the evidence convinces us that the ladder was safe for the purpose for which it was being used.
The accident was not caused by any defect in the ladder. The cause in fact of the accident was the hazardous conduct of Mrs. Galliano in creating an imbalance in the cases of beer which she had placed on top of the ladder when she removed some six-packs of beer therefrom to put them in the cooler. This caused the beer case to tip over in her direction and knock her off the ladder.
Plaintiffs’ principal charge of negligence against these two supervisory employees is that they failed in their duty to properly instruct Mrs. Galliano in how to stock beer in a cooler. The threshold question is whether such activity was owed. In Larned v. Wallace, 146 So.2d 434 (La.App. 3rd Cir. 1962), writ refused, January 25, 1963, but unreported, the legal principle as to what constitutes negligence was discussed as follows:
“Applicable here is the definition of negligence as conduct creating an unreasonable risk to others, found in 65 C.J.S. Negligence 313 as follows:
‘It has been held that negligence does not exist unless there is a reasonable likelihood of danger as a consequence of the act complained of, and it must be measured in the light of some danger that is reasonably to be anticipated. The duty to use care is based on the knowledge of danger, and negligence or want of ordinary care includes reasonable anticipation of harm. So negligence has been defined as conduct which creates an undue risk of harm or injury to others; the failure to use such care as is necessary to avoid a danger which should and could have been anticipated, by reason of which plaintiff has suffered injury.’
“This same concept of negligence is expressed by our Supreme Court in the recent case of Brown v. Liberty Mutual Ins. Co., 234 La. 860, 101 So.2d 696 as follows:
‘Liability for damages under Article 2315 of the Civil Code is founded upon fault and whether or not fault exists depends upon the facts and circumstances presented in each particular case. In determining fault, a common-sense test is to be applied — that is — how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances? The degree of care to be exercised must always be commensurate with the foreseeable dangers confronting the alleged wrongdoer.’ ”
(Larned v. Wallace, 146 So.2d at 437)
We have no difficulty in finding that the defendants had no legal duty to instruct Mrs. Galliano as to how the beer cooler should be safely stocked. Stocking beer in a cooler is not a risk-filled venture. To foresee any risk or harm in such an operation draws heavily on the imagination. To anticipate that Mrs. Galliano, while on a ladder, would stock beer in such a fashion that it would fall on her when she removed some of the beer from the cases is to virtually make these supervisory employees her insurer. Their duty is not to insure against possibility of injury to Mrs. Galliano in the performance of her duties.
Having concluded that there was no breach of duty on the part of Mrs. Galli-ano’s supervisory employers, we affirm the dismissal of the plaintiffs’ suit. All costs of this appeal are to be assessed against plaintiff s-appellants.
AFFIRMED.